# ABELARDO MARTINEZ, Plff.,

## *v.*

# PAUL TAYLOR BROWN COMPANY, Dft.

San Juan, Law, No. 918.

### As to Reconsideration in Matter of New Trial.

Terms of Court—Porto Rico.

1. The organic act provides for terms at San Juan, Ponce, and Mayaguez. The practical construction has been that the court is in almost continuous session at San Juan, where is the bulk of the business, and takes a recess to hold the required terms at Ponce and Mayaguez.

Circuit Court Sessions—Revised Statutes, § 612.

2. Revised Statutes, § 612, providing for holding a circuit court in different places at the same time, is inapplicable to Porto Rico, inasmuch as there is but one judge.

Terms of Court.

3. Terms are meant for the convenience, not the destruction, of business, and the San Juan term is not ended by holding the term at Ponce.

Special Terms.

4. The United States district court for Porto Rico has the power to call special terms (Revised Statutes, § 581), and, if necessary, reconvening at San Juan after the Ponce term will be regarded as a special term.

District of Porto Rico—Divisions.

5. Porto Rico constitutes one district with no technical judicial divisions. Cases submitted at one place of session may be decided at another.

Reconsideration—New Trial.

6. While reconsideration of a motion for a new trial is rare in practice, it is sometimes proper. It will be granted where, in the

Martinez v. Paul Taylor Brown Co.

meantime, other judicial proceedings have thrown doubt upon the good faith of parties or witnesses at the trial.

New Trial—Attorney.

    7. Alleged misconduct of an attorney in the conduct of the trial will affect the matter of the trial itself, although for some purposes it may have collateral bearings. The Federal practice as to new trials is independent of local rules.

Consideration by Jury—Affidavits.

    8. Affidavits of jurors will not be admitted to show what weight was given to the testimony of a witness. So far as this matter affects new trial, the question is whether the facts could reasonably have affected the jury, not whether the jurors thought it affected them.

New Trial—Difficulty of Recovery.

    9. The fact that the plaintiff had difficulty in recovering a verdict is no reason for taking away the fruits of his victory, if there is reason to think that the verdict had been improperly obtained.

Opinion filed April 11, 1914.

_____

*Mr. H. G. Molina* for plaintiff.

*Messrs. O. M. Wood* and *E. B. Wilcox* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case was tried on November 17, 1913, resulting in a verdict of $3,600 for the plaintiff, and on December 1, 1913, a motion for a new trial was denied. Execution issued, and on January 10, 1914, the cause came on to be heard upon a petition of the defendant for reconsideration of the order denying the motion and for stay of execution, and the matter was taken under consideration. On January 12, 1914, at Ponce, the marshal was ordered to postpone the execution sale. There was

Martinez. v. Paul Taylor Brown Co.

a subsequent extension one month later at San Juan, which was not opposed, and on March 10, 1914, the whole matter came up and was submitted.

1. The point is now made that the San Juan trial term expired when the court opened its session at Ponce on January 12, 1914, and that the result is that nothing further can be done in the case.

The organic act, § 34, says: "Regular terms of said court shall be held at San Juan commencing on the second Monday in April and October of each year, and also at Ponce on the second Monday in January of each year, and special terms may be held at Mayaguez at such other stated times as said judge may deem expedient." [31 Stat. at L. 84, chap. 191, Comp. Stat. 1901, § 3785.] The residence of the judge is fixed at San Juan, and the business at San Juan is much greater than that at Ponce and Mayaguez combined; so that the practical construction of the act has uniformly been that the court is in almost continuous session at San Juan, taking a recess there in order to hold court once a year at Ponce and at Mayaguez. The sessions at these two latter places do not exceed three or four weeks all together in the year.

2. Section 612 of the Revised Statutes of the United States provides that a circuit court may be held in different places at the same time. This, however, would probably not throw any light on the present case, because the circuit court was composed of several judges, and § 611 provides that each of these may hold court concurrently. There is but one judge for Porto Rico, and, although he has all circuit court powers, he cannot physically hold court in more than one place at the same time.

3. It may well be that the court could not continue in session

Martinez v. Paul Taylor Brown Co.

at San Juan during the time which the law fixes as a term at Ponce, but the court is not prepared to assent to the argument that the Ponce term causes the end of the San Juan term, unless, perhaps, the court actually makes it such by noting an adjournment of the term before going to Ponce. Terms are meant for the convenience, not destruction, of business, and the court is not disposed to construe the law so that it cannot take a recess at San Juan for the purpose of holding court at one of the two other places mentioned in the statute. Bouvier's Law Dict. s. v. Term.

4. The same result would follow even if it were necessary to hold a special term at San Juan after the Ponce term in order to dispose of business. The court has power to call special terms and no specific form of notice is required by statute. Revised Statutes, § 581. If it should be necessary, the court would construe the recess taken on January 10 to January 26 as the constitution of a special term.

5. In point of fact, the matter at bar was also under consideration at Ponce, and was there continued for further consideration. Porto Rico constitutes but one district with no technical judicial divisions. It has been the uniform practice of the court to decide in one place cases submitted at another, and even to transfer cases from one place to the other in order to consult the convenience of parties.

6. The court, therefore, thinks it has jurisdiction to pass upon the matter of reconsideration. Reconsideration of denial of a motion for a new trial is rare in practice, but there are times when it is proper. In the case at bar a motion for a new trial on the ground of surprise at the testimony of the defendant's own witness was denied, and a reconsideration

would not be entertained but for the fact that the new petition alleges that not only had the witness in question committed perjury, but that this perjury was suborned by the plaintiff and his attorney. The witness in question was indicted by the grand jury and has been tried in this court, but it resulted in a mistrial, and in the eye of the law the witness is still presumed not guilty. He was defended in the perjury case by the attorney for the plaintiff in the original suit, and was there proved to have said that he was suborned by this same attorney. This Rexach did not go on the stand to deny that he had made such a statement, and there is nothing therefore before the court to controvert it. The charge may not be true, and the attorney has very properly asked an investigation at the hands of the district attorney; but the charge comes from the client of this attorney, and as a collateral issue can at present neither be tried nor disregarded. Such a state of affairs cannot be permitted. It throws a bad light upon the whole original suit.

7. The plaintiff contends that this is a question which may call for an investigation of the plaintiff's attorney, but not for a new trial of the case; that, in other words, it is a collateral question. The conduct of the attorney, however, is the conduct of the client, and indeed the allegation of misconduct includes the client. The court is not disposed to let the verdict stand under the circumstances, nor to let it wait until a collateral issue is settled, but to have a clean slate and try the case over on evidence which cannot be questioned. Every action of this court must be above suspicion. A new trial in Federal courts is a matter of sound discretion with the trial judge. Revised Statutes, § 726; Newcomb v. Wood, 97 U. S. 581, 24 L. ed.

1085; and the ruling of the court is not the subject of exception. Fishburn v. Chicago, M. & St. P. R. Co. 137 U. S. 60, 34 L. ed. 585, 11 Sup. Ct. Rep. 8. The Federal practice as to new trials is independent of local statute or rules. Missouri P. R. Co. v. Chicago & A. R. Co. 132 U. S. 191, 33 L. ed. 309, 10 Sup. Ct. Rep. 65.

8. Affidavits are submitted to show that the testimony of this witness, Gregorio Rexach, was disregarded by the jurors. The court has on more than one occasion said that it will not regard affidavits showing what happened in the jury room. This evidence would result not only in a collateral issue, but in its trial *ex parte* by affidavits. There are cases in which the action of the jury may be investigated, but they refer to improper influences from without, not to the effect upon them of evidence given regularly before the court. Mattox v. United States, 146 U. S. 140, 36 L. ed. 917, 13 Sup. Ct. Rep. 50. The question for the court is whether facts or conduct of the parties could reasonably have had an effect upon the jury, not whether the jurors themselves thought it had any effect upon them. In other words, it is a matter of law, and not of fact. The nature of this accusation is such that the court is not at all satisfied that there was not such an effect upon the jury.

9. It is argued that the plaintiff had difficulty recovering this verdict, and that the fruits of the victory should not be taken away from him. That cannot have any effect upon this motion or upon any other appropriate proceeding. If there is reason for the court to think that this verdict has been improperly obtained, the difficulty of obtaining it would, if anything, be all the more reason for setting it aside.