## NEWCOMB *v.* WOOD.

1. The power, with the consent of the parties, to appoint referees, and refer to them a pending cause, is incident to all judicial administration, where the right exists to ascertain the facts as well as to pronounce the law.
2. Any issues in an action, whether they be of fact or of law, may be so referred by sect. 281 of the Code of Ohio.
3. A party who goes to trial before referees, without requiring an oath to be administered to them, waives any objection to the omission of such oath.
4. The fact that an award was signed by only two of three referees was not called to the attention of the court when their report was confirmed and judgment rendered thereon.  *Held*, that it furnishes no ground for reversing the judgment.
5. The fifth section of the act of Congress of June 1, 1872 (17 Stat. 197), was not intended to abrogate the established law of the courts of the United States, that to grant or refuse a new trial rests in the sound discretion of the court to which the motion is addressed, and that the result cannot be made the subject of review by writ of error.

ERROR to the Circuit Court of the United States for the Northern District of Ohio.

Nov. 1, 1872, John Wood, assignee in bankruptcy of Philip E. Robertson, filed his petition in the District Court of the United States for the Northern District of Ohio, against Stephen L. Newcomb, to recover the value of certain goods sold to the defendant by Robertson, May 6, 1872, within four months before the latter filed his petition in bankruptcy. An issue of fact having been made by the pleadings, the case was, Nov. 18, 1873, by consent of the parties, referred by the court to Henry C. Hedges, Joseph C. Devin, and A. K. Dunn, as referees, with power to hear and determine all questions of law and fact, and report thereon to the court. Neither of the referees was sworn or affirmed, although the customary oath or affirmation was not expressly waived or insisted upon. Both parties were represented by counsel. Jan. 10, 1874, a report signed by Devin and Hedges was duly filed, awarding the plaintiff $6,356 and costs. Newcomb filed exceptions to the report, on the ground that the referees were not sworn or affirmed well and faithfully to hear and examine the cause, and to make a just and true report therein, according to the best of their understanding, as is required by law. The exceptions were overruled, and the report was confirmed by the court. A new trial having been refused, a judgment was rendered against him, which was affirmed by the Circuit Court. He then sued out this writ, and assigns the following errors : —

That the District Court erred, —

1. In appointing referees in said cause.

2. In overruling the exceptions to their report.

3. In rendering judgment upon said report, it having only been signed by two of the persons named as referees, none of whom were sworn.

4. In refusing to grant a second trial of said action.

*Mr. Jeremiah M. Wilson* for the plaintiff in error.
*Mr. Walter H. Smith, contra.*

MR. JUSTICE SWAYNE delivered the opinion of the court.

A few remarks will be sufficient to dispose of the several assignments of error in this case.

The power of a court of justice, with the consent of the parties, to appoint arbitrators and refer a case pending before it, is incident to all judicial administration, where the right exists to ascertain the facts as well as to pronounce the law. *Conventio facit legem.* In such an agreement there is nothing contrary to law or public policy. The Code of Ohio provides (sect. 281) expressly " that all or any of the issues in the action, whether of fact or law, may be referred upon the written consent of the parties, or upon their oral consent in court, entered upon the journal." 2 Swan & C. 1027. The reference here in question was made in the latter mode and by virtue of this authority.

The objection that the arbitrators were not sworn was waived by the plaintiff in error by appearing and going to trial without requiring an oath to be administered. If the witnesses had not been sworn, the waiver of that defect under the same circumstances would have been equally conclusive. Edwards, Referees, 107 ; Morse, Arbitration and Award, 172 ; *Maynard* v. *Frederick*, 7 Cush. (Mass.) 247.

Two of the three referees only signed the award, but the attention of the court was not called to the fact when the report was confirmed and the judgment was entered. The omission was amendable, and *non constat* but that the amendment could and would have been made if the objection had been suggested. It would be fair neither to the court nor the other party to permit the objection to be raised here for the first time. Under the circumstances, it must be held to have been conclusively waived, and the plaintiff in error cannot be heard now to insist upon it. *Bell* v. *Bruen*, 1 How. 169; *Marine Bank* v. *Fulton Bank*, 2 Wall. 252 ; *Klein* v. *Russell*, 19 id. 433; *Edwards* v. *Elliott*, 21 id. 532 ; *Walker* v. *Sauvinet*, 92 U. S. 90; *Wheeler* v. *Sedgwick*, 94 id. 1.

The plaintiff in error was not, by reason of the State law, entitled to a second trial. The agreement to submit the controversy to referees selected or approved by the parties implied clearly that they intended the award should be final and conclusive. The District Court held this view, and ruled accordingly. It has long been the established law in the courts of the United States that to grant or refuse a new trial rests in

the sound discretion of the court to which the motion is addressed, and that the result cannot be made the subject of review upon a writ of error. We cannot think that Congress intended by the act of June 1, 1872 (17 Stat. 197, sect. 5), to abrogate this salutary rule. *Nudd* v. *Burrows*, 91 U. S. 426; *Indianapolis, &c. Railroad Co.* v. *Horst,* 93 id. 291.

*Judgment affirmed.*