CLEMENT v. WILSON.

(Circuit Court of Appeals, Second Circuit. January 18, 1905.)

No. 94.

ERROR—REVIEWABLE ORDERS—GRANTING NEW TRIAL.

It is the settled law in the federal courts that an order setting aside a verdict and granting a new trial cannot be reviewed on a writ of error, (1) because the granting or refusal of a new trial rests in the sound discretion of the trial court; and (2) because such an order is not a final judgment or order, and cannot be reviewed.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 378, 477, 741; vol. 3, Cent. Dig. Appeal and Error, §§ 3860–3876.

Finality of judgments and decrees for purpose of review, see notes to Brush Electric Co. v. Electric Imp. Co. of San Jose, 2 C. C. A. 379; Central Trust Co. v. Madden, 17 C. C. A. 238; Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.]

In Error to the Circuit Court of the United States for the District of Vermont.

For opinion below, see 126 Fed. 808.

M. H. Cardozo, for plaintiff in error.

Max L. Powell, for defendant in error.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below brought to review an order setting aside a verdict in favor of the defendant and directing a new trial. The verdict was set aside because the court was of the opinion that it had not been rendered by an impartial jury. There are two reasons why this writ of error cannot be entertained: (1) It has long been the established law in the courts of the United States that to grant or refuse a new trial rests in the sound discretion of the court to

which the motion is addressed, and the result cannot be made the subject of a review upon a writ of error. Newcomb v. Wood, 97 U. S. 581, 24 L. Ed. 1085; Nudd v. Burrows, 91 U. S. 426, 23 L. Ed. 286; Railroad Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898. (2) This court can only review final decisions, and the order of the court below in granting a new trial has no element of finality. No judgment is final which does not terminate the litigation between parties. Upon this ground a judgment of reversal, granting a new trial, cannot be reviewed. Baker v. White, 92 U. S. 176, 23 L. Ed. 480; Tracy v. Holcombe, 24 How. 426, 16 L. Ed. 742; St. Clair County v. Lovingston, 18 Wall. 628, 21 L. Ed. 813.

The writ of error is dismissed.