### DENISON v. SHAWMUT MINING CO.

(Circuit Court of Appeals, Second Circuit. January 7, 1908.)

#### No. 62.

1. WRIT OF ERROR—VERDICT—VACATION—INADEQUATE DAMAGES—REVIEW.

Denial of a motion to set aside a verdict for plaintiff in a federal court because the damages awarded were inadequate, in the exercise of the trial court's discretion, is not subject to review in an appellate court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3864.]

2. CONTRACTS—CANCELLATION OF PRE-EXISTING CONTRACT—CONSIDERATION—MUTUALITY.

A contract between plaintiff and defendant by which an existing contract for the sale by plaintiff of the output of a coal mine on certain terms was canceled, a controversy settled by plaintiff's payment to defendant of $600, and a new agreement made by which defendant agreed to sell and deliver to plaintiff the output of the mine from the date of the new contract until April 1, 1903, for which plaintiff agreed to pay certain specified prices monthly, was based on a sufficient consideration and was not void for want of mutuality.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1119–1122.

Mutuality in, see notes to American Cotton Oil Co. v. Kirk, 15 C. C. A. 543.]

In Error to the Circuit Court of the United States for the Western District of New York.

Plaintiff, Charles L. Denison, was a wholesale coal dealer in Buffalo. On March 13, 1902, one B. E. Cartwright, having charge of the coal sales of defendant, a coal mining company, contracted on defendant's behalf for the sale and delivery to plaintiff at the mine from April 1, 1902, until April 1, 1903, of the entire output of the Brock Mine operated by defendant in Pennsylvania. Defendant, acting under such contract, thereafter delivered the coal as ordered, and received payments therefor. This contract was made by Cartwright with the knowledge and authority of defendant's president, one Byrne. On July 1, 1902, the relations between Byrne and Cartwright having become hostile, the latter left defendant's service, and one D. F. Maroney took his place. In the latter part of July, Byrne notified plaintiff that Cartwright had deceived him by representing that the Erie Railroad Company had withdrawn a rebate, whereas plaintiff was getting the benefit of such rebate. Byrne asserted that plaintiff was a party to the deception, and demanded that the contract of March 13th be canceled. Plaintiff denied participation in any deception, but said he was willing to cancel the contract in case a satisfactory substituted contract could be agreed on. It was thereupon arranged that Maroney, who was defendant's vice president, should take up the matter with plaintiff and adjust it, and, as a result, Denison and Maroney made and agreed on the terms of a substituted contract to be executed in consideration of the cancellation of the contract of March 13th, the relinquishment by Denison of any rights with respect to a certain switch, and

a compromise payment by Denison of $600. Defendant's contract, dated August 14, 1902, before being delivered, was submitted by Maroney to defendant's general sales agent and to defendant's attorney, both of whom approved it. By its terms, the contract of March 13, 1902, was canceled, and it provided that defendant should sell and deliver the output of the Brock Mine from August 1, 1902, until April 1, 1903, and that plaintiff should pay therefor at the rate of $1 per ton for the first 50,000 tons and $1.15 per ton for the balance. The action was brought for breach of this contract, defendant claiming that it was without consideration and void for indefiniteness and want of mutuality. A judgment was rendered for plaintiff for much less than the relief demanded, from which both parties brought error. Affirmed.

For opinion below, see 135 Fed. 864.

Rogers, Locke & Milburn (Charles G. Miller and Harrington Putnam, of counsel), for C. L. Denison.

Frank Sullivan Smith (James McMitchell, of counsel), for Mining Co.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The plaintiff below obtained a verdict of $5,000, which he regarded as inadequate, and moved to set aside for that reason. The motion was elaborately argued, carefully considered, and denied. The motion was addressed to the discretion of the court, and its denial is not the subject of review in an appellate court. This rule has been so long established and so uniformly adhered to by this court that discussion as to its wisdom and propriety is unnecessary. Clement v. Wilson, 135 Fed. 749, 68 C. C. A. 387; United Engineering, etc., Co. v. Broadnax, 136 Fed. 351, 69 C. C. A. 177; Central Vt. R. Co. v. Bateman, 75 Fed. 1021, 20 C. C. A. 679.

As the verdict was in the plaintiff's favor on the merits, it is not easy to see how he can take advantage of alleged errors in the admission and exclusion of testimony or in the charge. On every question at issue the jury found in favor of the plaintiff, even on the question of damages. His only grievance is that they assessed his damages at too low a figure. We think the plaintiff has failed to assign any error which entitles him to a new trial.

The defendant has also sued out a writ of error presenting the question of law that the contract in suit is not valid and enforceable. We are of the opinion that defendant's position in this regard is not well taken. We agree with the trial judge in thinking that "the contract is not void for want of mutuality; it is based upon a good and sufficient consideration, and its effect was to cancel an existing contract and make a new arrangement * * * which was * * * binding upon the defendant to sell the output of the mine and upon the plaintiff to take the output under those provisions."

Both writs of error are dismissed, and the judgment is affirmed.

As the writ of the plaintiff below was allowed in August, 1905, and that of the defendant below not until February 2, 1906, six months afterwards, and as the greater part of the record was necessary for the presentation of the plaintiff's assignments of error, we think the costs of this review should be borne by him.