MOUND VALLEY VITRIFIED BRICK CO. v. MOUND VALLEY NATURAL GAS & OIL CO.

(Circuit Court of Appeals, Eighth Circuit. April 15, 1913.)

1. APPEAL AND ERROR (§ 977*)—NEW TRIAL (§ 6*)—REVIEW.

An order of a federal court granting a new trial is an exercise of discretion, and not reviewable on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3865; Dec. Dig. § 977;* New Trial, Cent. Dig. §§ 9, 10; Dec. Dig. § 6.*]

2. APPEAL AND ERROR (§ 219*)—ACTION AT LAW—TRIAL BY COURT—REQUESTS FOR FINDINGS—NECESSITY.

Where the parties to an action at law waive a jury and submit the issues of fact to the court, the court's general finding thereon cannot be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

reviewed; but questions sought to be reviewed must be presented to the trial court by requests for findings or declarations of law applicable to the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1315, 1317–1320, 1322, 1323; Dec. Dig. § 219.*]

**3. APPEAL AND ERROR (§ 859*)—SCOPE OF REVIEW—QUESTIONS OF LAW.**

On a writ of error in an action at law, the appellate court is confined to questions of law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3441–3445; Dec. Dig. § 859.*]

**4. TRIAL (§ 392*)—TRIAL BY COURT—SPECIAL FINDINGS.**

Where an action at law is tried to the court without a jury, the conclusion to be drawn from special findings of fact is one of law, and a request by a party for a finding in his favor, like a motion for a directed verdict in a trial to a jury, is an assertion that, taking all the evidence most strongly against him, the judgment should still be in his favor as a matter of law.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 916–919; Dec. Dig. § 392.*]

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by the Mound Valley Vitrified Brick Company against the Mound Valley Natural Gas & Oil Company. Decree for defendant, and plaintiff brings error. Affirmed.

H. P. Farrelly, of Chanute, Kan., and John Madden, of Parsons, Kan. (T. R. Evans, of Chanute, Kan., and J. E. La Dow, of Mansfield, Ohio, on the brief), for plaintiff in error.

George Jepson and C. N. Jepson, both of Sioux City, Iowa, for defendant in error.

Before HOOK and SMITH, Circuit Judges, and VAN VALKEN-BURGH, District Judge.

HOOK, Circuit Judge. There were two trials of this case in the District Court; the first to a jury, the second by the court without a jury.

[1] A verdict for the plaintiff at the first trial was set aside by the court and a new trial was directed. Plaintiff complains of this. In the courts of the United States the granting of a new trial is regarded as an exercise of discretion, and is not reviewable on error.

[2] At the second trial, which was on the same evidence as before, the court found generally for defendant and rendered judgment accordingly. We are also asked to review that action, but cannot do so. No special findings of fact were made, or request for a finding for plaintiff, or for declarations of law applicable to the evidence; and no complaint is made of rulings on the admission or exclusion of evidence. The decisions of the Supreme Court and of this court, construing and applying the act of Congress on this subject, are numerous and need not be cited. They hold uniformly that, where the parties to an action at law waive a jury and submit the issues of fact to the court, an appellate court cannot review its general finding thereon,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and that to preserve questions of law for review they must be presented to the trial court in ways definitely pointed out.

[3, 4] On a writ of error in an action at law, the appellate court is confined to questions of law. The conclusion to be drawn from special findings of fact is one of law; and a request by one party or the other for a finding in his favor, like a motion for a directed verdict in a trial to a jury, is an assertion that, taking all the evidence most strongly against him, still, as matter of law, the judgment should be in his favor.

The judgment is affirmed.