DENVER & R. G. R. CO. v. BAER BROS. MERCANTILE CO.

(Circuit Court of Appeals, Eighth Circuit. November 17, 1913.)

No. 3,915.

1. CARRIERS (§ 202*)—INTERSTATE COMMERCE ACT—ACTION BY SHIPPER FOR DAMAGES—PLEADING.

In an action by a shipper against a railroad company under Interstate Commerce Act Feb. 4, 1887, c. 104, § 16, 24 Stat. 384 (U. S. Comp. St. 1901, p. 3165), as amended by Act June 29, 1906, c. 3591, § 5, 34 Stat. 590 (U. S. Comp. St. Supp. 1911, p. 1301), to recover for overcharges on interstate shipments for which an award of damages was made by the Interstate Commerce Commission, an allegation in the petition that such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

209 F.—37

charges were unjust, unreasonable, and in violation of law is one largely of fact and is sufficiently specific as against a general demurrer.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 906–915; Dec. Dig. § 202.*]

**2. COMMERCE (§ 85*)—INTERSTATE COMMERCE COMMISSION—AWARD OF DAMAGES—INTEREST.**

In making an award of damages to a shipper for excessive charges collected by a railroad company, under section 16 of Interstate Commerce Act Feb. 4, 1887, c. 104, 24 Stat. 384 (U. S. Comp. St. 1901, p. 3165), as amended by Act June 29, 1906, c. 3591, § 5, 34 Stat. 590 (U. S. Comp. St. Supp. 1911, p. 1301), the Interstate Commerce Commission has power to allow interest on the excess payments where they were made under protest.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 138; Dec. Dig. § 85.*]

**3. COMMERCE (§ 85*)—INTERSTATE COMMERCE COMMISSION—POWER TO REDUCE RATES.**

When a local rate between points within the same state is found by the Interstate Commerce Commission to be excessive when charged as a part of a joint through rate, the commission has power to order its reduction when so used without establishing a new joint through rate.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 138; Dec. Dig. § 85.*]

**4. COMMERCE (§ 85*)—INTERSTATE COMMERCE COMMISSION—ORDERS AWARDING DAMAGES TO SHIPPER.**

Where the Interstate Commerce Commission on complaint of a shipper has made an order fixing a reduced rate to be charged by a railroad company in the future on certain shipments, it is not required to repeat such order in subsequent orders awarding reparation to the shipper on shipments made under the rate condemned in the first order.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 138; Dec. Dig. § 85.*]

**5. CARRIERS (§ 202*) — ACTION BY SHIPPER FOR DAMAGES FOR EXCESSIVE CHARGES—ALLOWANCE OF ATTORNEY'S FEES—CONSTITUTIONALITY OF STATUTE.**

The provision of section 16 of Interstate Commerce Act Feb. 4, 1887, c. 104, 24 Stat. 384 (U. S. Comp. St. 1901, p. 3165), as amended by Act June 29, 1906, c. 3591, § 5, 34 Stat. 590 (U. S. Comp. St. Supp. 1911, p. 1301), authorizing the court to allow a reasonable attorney's fee to the prevailing petitioner in an action for damages brought thereunder, is constitutional.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 906–915; Dec. Dig. § 202.*]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action at law by the Baer Bros. Mercantile Company against the Denver & Rio Grande Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

For opinion below, see 200 Fed. 614.

R. G. Lucas, of Denver, Colo. (E. N. Clark, of Denver, Colo., on the brief), for plaintiff in error.

William B. Harrison, of Denver, Colo., for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CARLAND, Circuit Judge.   This is an action to recover excessive and unreasonable charges for the transportation of beer in car load lots from Pueblo, Colo., to Leadville, Colo., when used as a part of a through transportation charge from St. Louis, Mo., to Leadville.

The railroad company demurred to an amended complaint, and, the demurrer being overruled, it refused to plead further, whereupon the damages claimed were assessed and judgment entered therefor.   The railroad company has brought the case here on writ of error complaining of the ruling of the court in overruling the demurrer and as to certain rulings which occurred in the assessment of damages.   The ground of demurrer was that the complaint did not state facts sufficient to constitute a cause of action.   The complaint contained two counts, which for the purposes of the demurrer were the same except that each count referred to a different order of reparation, and except also that the order of reparation in the second count did not fix a rate for the future, but instead thereof there was an allegation that the rate for the future was fixed by the order set forth in the first count.

[1] Section 16 of the act to regulate commerce, as amended, provides that, if a carrier does not comply with an order of the Commission requiring the payment of money, any person for whose benefit such order was made may file in the proper court "a petition setting forth briefly the causes for which he claims damages and the order of the Commission in the premises."   It is objected that the allegation of the complaint that the rates collected were unjust, unreasonable, and in violation of law states no cause of action but mere conclusions of law.   Whether a rate is unreasonable or not is largely a matter of fact.   A chancellor asked to grant an injunction on a bill simply alleging a rate to be unreasonabe might ask for more particulars, and so the railroad company might have had the complaint made more definite and certain by a motion to that effect if the court should have considered the allegation indefinite and uncertain, but as against a general demurrer the allegation is clearly sufficient.   A rate is unreasonable either as being too low or too high.   Certainly the railroad company could not be misled by thinking the mercantile company was complaining of a low rate.   However this may be, the complaint does not stop with the above-mentioned allegation, but alleges that the rate of 45 cents demanded and received by the railroad company per 100 pounds for the transportation of beer from Pueblo to Leadville was unjust and unreasonable, and that any rate or charge for such service in excess of 30 cents for each 100 pounds of beer transported between the two places would be unjust and unreasonable, so that the railroad company was distinctly informed as to the contention of the mercantile company.   We see no merit in this objection to the complaint.

[2] It is next objected that the orders of reparation set out in the complaint show that the Commission allowed interest upon the excess rate paid to the railroad company and which it found to have been unreasonable and excessive.   It is therefore claimed that the Commission had no authority to so allow interest, and that the orders are void on the theory that this court must condemn the order if it is erroneous in any respect.   We think the Commission had full authority and ju-

risdiction to allow interest, as it appears from the complaint that the excessive rates were paid either by the consignor or consignee under protest, and so the railroad company must have known at the time the money of the mercantile company was had and received that the latter claimed the payment to be unlawful.

[3] It is next claimed that the order of the Commission is void because it did not establish a through or joint rate but merely ordered a refund out of the local rate between Pueblo and Leadville. This objection cannot prevail, for the reason that the Missouri Pacific and the Denver & Rio Grande made their own through rate and the Commission treated it as the roads had made it and simply decided that the local rate between Pueblo and Leadville, when used by the companies as a part of a joint through rate, was excessive. The Commission did not pretend to have anything to do with the rate when used as a local rate, but when it became a part of a through rate by the action of the railroad companies the Commission had jurisdiction to make the through rate reasonable. Denver & R. G. R. R. Co. v. Interstate Commerce Commission (Com. C.) 195 Fed. 958.

It is next objected that, if the Commission had jurisdiction to reduce the Pueblo to Leadville rate in a proper case, it did not have such jurisdiction in the present case because that rate was not in issue before the Commission. The pleadings before the Commission are not a part of the complaint in this action, and therefore we cannot say what the pleadings actually presented, but, so far as the complaint does state the proceedings had before the Commission, it clearly appears therefrom that it was the charge from Pueblo to Leadville when used as a part of the through rate that was objected to before the Commission.

[4] It is next objected that the order set forth in the second cause of action nowhere fixes a rate for the future and that therefore the order is void under the ruling of this court in Railroad v. Baer Bros., 187 Fed. 490, 109 C. C. A. 337, but the Commission had already, in making the order set forth in the first count of the complaint, established a rate for the future and it was not required to establish a rate for the future in every order making reparation for shipments made under the rate condemned in the first order. To do this would have created great confusion and would have been idle and unnecessary.

This disposes of the matters urged in support of the demurrer, and we find no error in the ruling of the court overruling the same. After the demurrer was overruled and the railroad company had elected to stand upon its demurrer, counsel for the railroad company remained in court and, as the record shows, interposed some objections in the matter of the assessment of damages. Counsel for the railroad company objected to the allowances of interest as provided in the orders of reparation, and the objection was overruled. For reasons hereinbefore stated, there was no error in this ruling.

[5] Section 16 of the act to regulate commerce provides in regard to a proceeding to recover an award of damages by the Commission as follows:

"If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee to be taxed and collected as a part of the costs of the suit."

The court, as appears by the record, allowed an attorney's fee of $250, which it appears counsel for the railroad company objected to and the objection was overruled and an exception taken. The matter of the attorney's fee appears in the record as follows:

"Petitioner thereupon requested the court to tax an attorney's fee for the services of the attorney for the petitioner before the Interstate Commerce Commission and before the court. Defendant then and there duly objected to the granting of such request and to the allowance of such attorney's fee for such services."

It is now objected in this court that the trial court had no authority to allow a fee for services before the Interstate Commerce Commission and that the court had no authority to allow any attorney's fee at all, because the statute providing for the same is unconstitutional. Counsel for the railroad company made no complaint that an attorney's fee was asked for services before the Interstate Commerce Commission in the trial court. The objection simply goes to the allowance of an attorney's fee. It does not appear that the court allowed the $250 or any part of the same for services before the Commission. We do not think the objection of counsel in the trial court was specific enough to raise the question which he now presents. If the attention of the trial court had been called to the fact that no attorney's fee could be allowed for services before the Commission, the record would probably show that the attorney's fee allowed was for services in the present proceeding in the District Court.

It is objected also that the attorney's fee was fixed arbitrarily without evidence. There is nothing to support this except the assertion of counsel. The record shows the following:

"Petitioner introduced evidence in support of the allegations of its said amended petition."

We do not wish to be understood as deciding that it was necessary for the court to take testimony as to the value of the services rendered by counsel in the present proceeding, but simply that the record does not show that evidence was not taken in fixing the amount of the attorney's fee. The provision in the Interstate Commerce Act allowing an attorney's fee is constitutional. Atchison, T. & S. F. R. Co. v. Matthews, 174 U. S. 96, 19 Sup. Ct. 609, 43 L. Ed. 909; St. Louis, I. M. & S. R. Co. v. Paul, 173 U. S. 404, 19 Sup. Ct. 419, 43 L. Ed. 746; Air Line R. R. Co. v. Seegers, 207 U. S. 73, 28 Sup. Ct. 28, 52 L. Ed. 108; Ill. C. R. Co. v. Crider, 91 Tenn. 489, 19 S. W. 618; Fidelity Mut. Life Ins. Ass'n v. Mettler, 185 U. S. 308, 22 Sup. Ct. 662, 46 L. Ed. 922; Engebretsen v. Gay, 158 Cal. 30, 109 Pac. 880, 28 L. R. A. (N. S.) 1062, and note, Ann. Cas. 1912A, 690.

This disposes of all the objections and exceptions appearing in the record, and, finding no error in the ruling of the court, the judgment below must be affirmed. And it is so ordered.