NEW YORK CENT. & H. R. R. CO. v. MURPHY et al.

(Circuit Court of Appeals, Second Circuit. June 8, 1915.)

No. 285.

COMMERCE ⊙—86—INTERSTATE COMMERCE—DISCRIMINATION—FINDINGS OF IN-TERSTATE COMMERCE COMMISSION.

The Interstate Commerce Commission, stating the facts in its opinion and order directing railroad company to discontinue its practice of exacting track storage charges and to pay to complainants appearing before the Commission the money paid by them as track storage charges, need not, to comply with Interstate Commerce Act Feb. 4, 1887, c. 104, § 14, 24 Stat. 384 (Comp. St. 1913, § 8582), insert in its opinion and order the findings of fact on which the award was made to complainants, to justify maintenance by complainants of an action for the award under section 16 (section 8584).

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 140;, Dec. Dig. ⊙—86.

What constitutes an unlawful preference or discrimination by a carrier under interstate commerce regulations, see note to Gamble-Robinson Commission Co. v. Chicago & N. W. Ry. Co., 94 C. C. A. 230.]

In Error to the District Court of the United States for the Southern District of New York.

This cause comes here on writ of error to review a judgment of the District Court of the United States for the Southern District of New York. The complainants in the action below, hereinafter referred to as complainants, were copartners in business, under the firm name of Murphy Bros., and resided and did business in the Southern district of New York.

On May 10, 1910, the complainants filed a complaint before the Interstate Commerce Commission as to certain charges, alleged to be unreasonable, unfair, and unjust charges, in connection with railroad transportation and delivery of merchandise made by and collected by the New York Central & Hudson River Railroad Company, and which were collected from the complainants among others. The complainants were sustained, and the Interstate Commerce Commission directed the railroad company to discontinue its practice of exacting its unreasonable track storage charges, and it also directed it to make reparation and pay damages to the complainants for certain amounts of money which the complainants had theretofore paid to the railroad company as track storage. The Commission by an order dated December 11, 1911, directed the railroad company on or before February 1, 1912, to pay to complainants the sum of $443, with interest at 6 per cent. per annum from May 1, 1910; and by an order dated February 5, 1912, the Commission directed the railroad company to pay to complainants on or before March 15, 1912, the sum of $73, with interest at the rate of 6 per cent. per annum from July 1, 1911.

The railroad company conformed to those parts of the orders which required it to desist from the collection of the unjust and unfair charges. It, however, refused and neglected to pay to complainants the amounts of reparation or damages ordered to be paid. In consequence of this default this action was commenced to recover the amounts which the railroad company had been directed to pay in the two orders made by the Interstate Commerce Commission. The court below directed judgment to be entered against the defendant in the sum of $947.66.

Alex. S. Lyman, of New York City (William Mann, of New York City, of counsel), for plaintiff in error.

George H. Pettit, of New York City, for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

. ROGERS, Circuit Judge (after stating the facts as above). This action is brought under the provision of the Interstate Commerce Act. Section 13 of the act authorizes any person, firm, or corporation, complaining of anything done or omitted to be done by any common carrier subject to the act, to apply to the Commission by petition, and authorizes the Commission to investigate the matters complained of in such manner and by such means as it deems proper. Section 14 provides that whenever an investigation is made by the Commission it shall be its duty to make a report in writing in respect thereto,. and state its conclusions together with its decision or order; and in case damages are awarded the report is required to include the findings of fact on which the award is made. Section 16 provides that if the Commission determine that any party complainant is entitled to an award of damages under the provisions of the act the Commission shall make an order directing the carrier to pay to complainant the sum to which he is entitled on or before a day named. It then goes on to provide that, if the carrier does not comply with the order for the payment of money within the time limit named in the order, the person for whose benefit the order was made—

"may file in the Circuit Court of the United States for the district in which he resides, or in which is located the principal operating office of the carrier, or through which the road of the carrier runs, or in any state court of general jurisdiction having jurisdiction of the parties, a petition setting forth briefly the causes for which he claims damages and the order of the Commission in the premises. Such suit in the Circuit Court of the United States shall proceed in all respects like other civil suits for damages, except that on the trial of such suit the findings and order of the Commission shall be prima facie evidence of the facts therein stated, and except that the petitioner shall not be liable for costs in the Circuit Court nor for costs at any subsequent stage of the proceedings unless they accrue upon his appeal. If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit. [24 U. S. Stat. 379, as amended, U. S. Comp. Stat. 1913, §§ 8581, 8582, 8584; 36 Stat. 550, 34 Stat. 589.]"

The defendant relies upon what it alleges to be the failure of the Interstate Commerce Commission to insert in its orders and opinion "the findings of fact on which the said purported award was made, as required by section 14 of the said act to regulate commerce," and it asserts that because of this omission of findings the orders of the Commission, in so far as they require the payment of reparation and damages to the complainants, are invalid and void. In making his claim counsel appear to be unmindful of the decision of this court in Lehigh Valley R. Co. v. American Hay Co., 219 Fed. 539, 135 C. C. A. 307 (1914). In that case we held that the Interstate Commerce Commission is not required to make formal findings, but that its findings can be contained in the colloquial statements of an opinion. In the opinion which had been filed by the Commission in that case there were no

formal, marked, and numbered set of findings; and this court said, speaking through Judge Lacombe:

"Findings are findings just as well when imbedded in the colloquial statements of an opinion."

In the case at bar it is quite easy to spell out from the deliverances of the Commission the following findings:

1. The railroad makes demurrage charges at a certain rate per day, which cover use of a car while it stays unloaded.

2. The railroad also makes track storage charges at a certain rate per day, which cover use of the yard track on which the car stands while it stays unloaded.

3. It waives demurrage charges for each day when weather conditions prevent unloading.

4. It does not waive storage charges when weather conditions prevent unloading.

5. The Commission finds that it is not reasonable to collect track storage charges for days when the weather condition is such that the railroad waives demurrage charges.

6. The railroad has collected such charges from the complainants and the amount of such collections is not disputed.

The Commission, and not this court, determines the reasonableness or unreasonableness of the charges. The Commission has found the track storage charges unreasonable under the conditions as they are found to exist. We have no right to review that finding; but, if we had, we see no reason whatever for supposing that the finding was not justified in all respects.

The objections made by the defendant seem to us to be frivolous. The Commission's report contains all the facts, and they could not be stated plainer, if stated in separate paragraphs under the heading "Findings of Fact." To reverse the judgment and send the case back to the Commission to state the facts, which all appear in the record in a different form, would cause delay and unnecessary expense, and put the parties and the Commission to unnecessary trouble without any corresponding advantage to any one.

It was plainly the duty of the defendant to have complied with the orders made by the Commission, and to have paid to the complainants the moneys to which they were found to be entitled. Not having done so, the complainants had a right under the act to bring this action, and to obtain the judgment which has been rendered.

Judgment affirmed.