CHICAGO, M. & ST. P. RY. CO. v. GEORGE A. HORMEL & CO.

(Circuit Court of Appeals, Eighth Circuit.   March 5, 1917.)

No. 4754.

1. APPEAL AND ERROR ⊜⟹209(1)—REVIEW—TRIAL TO COURT—SUFFICIENCY OF EVIDENCE.

Under Rev. St. § 700 (Comp. St. 1913, § 1668), providing that, when an issue of fact in a civil cause is tried by the court without a jury, the rulings of the court in the progress of the trial, if excepted to and presented by bill of exceptions, may be reviewed on a writ of error or appeal, and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment, assignments of error attacking the judgment as not based on the evidence cannot be considered, where there was no request for findings of fact or declarations of law and none were made by the court, though rulings on the sufficiency of the petition and on the admission and exclusion of evidence may be reviewed if proper exceptions were taken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1290.]

2. COMMERCE ⊜⟹88—ORDER OF COMMISSION—MODIFICATION OF ORDER—EFFECT.

Where the Interstate Commerce Commission made an order in which it recited that it had made a report containing its findings of fact and conclusions, which report was made a part of the order, and subsequently made an order reciting that cause had been shown for modification of its former report and granted a still further reduction in the rates objected to by the shipper, the subsequent order was merely a modification of the former and did not set it aside, and therefore did not render the report, inadmissible in an action to enforce the reparation awarded, even though it was incorporated in the former order.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 139, 141.]

3. COMMERCE ⊜⟹88—INTERSTATE COMMERCE COMMISSION—MODIFYING REPORT —FINDINGS.

Where the Interstate Commerce Commission had made an order incorporating therein a report which properly found that the rate complained of by a shipper was unjust, unreasonable, and discriminatory, and by a subsequent order and report found that cause had been shown for the modification of the former report, and that a further reduction of the rate complained of was proper, and that the shipper had been damaged to the

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

amount of the excess of the rate charged over the rate therein found to be just, and the case was held open for further proceedings as to reparation which was thereafter awarded as reparation on account of unreasonable and unjust discriminatory rates, there was a sufficient finding, when the reports and award were read together as they must be, that the rate charged was unreasonable and discriminatory under Interstate Commerce Act Feb. 4, 1887, c. 104, § 14, 24 Stat. 384 (Comp. St. 1913, § 8582), requiring the commission to make a written report of the findings of fact on which an award is made.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 139, 141.]

4. CARRIERS ⊂⊃200—EXCESSIVE CHARGES—INTEREST—ORDER OF INTERSTATE COMMERCE COMMISSION.

The Interstate Commerce Commission may allow interest on rates found to be excessive when the charges have been paid under protest, though until the award the amount due was uncertain and unliquidated.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 901–905.]

In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Action by George A. Hormel & Co. against the Chicago, Milwaukee & St. Paul Railway Company to enforce an award of reparation made by the Interstate Commerce Commission. Judgment for the plaintiff, and defendant brings error. Affirmed.

George A. Kelly, of Chicago, Ill. (O. W. Dynes and Winston, Payne, Strawn & Shaw, all of Chicago, Ill., on the brief), for plaintiff in error.

J. N. Nicholsen, of Austin, Minn., for defendant in error.

Before CARLAND, Circuit Judge, and RINER and MUNGER, District Judges.

MUNGER, District Judge. George A. Hormel & Co., hereafter referred to as "plaintiff," brought suit against the Chicago, Milwaukee & St. Paul Railway Company, hereafter referred to as "defendant," and recovered a judgment enforcing an award of reparation made by the Interstate Commerce Commission in favor of the plaintiff. It appears from the pleadings that plaintiffs were packers of meat, having a packing house at Austin, Minn. On November 1, 1911, the defendant had put in force a new and higher schedule of rates affecting plaintiff's shipments. Thereafter plaintiff filed its complaint before the commission, a hearing was had, and on February 3, 1913, the commission filed a report in which it found the rates complained of were unreasonable and discriminatory as to plaintiff and that plaintiff was entitled to reparation. On the same day it made an order requiring the defendant to desist from charging the old rates and to establish new rates not exceeding the rates fixed in the order. Geo. A. Hormel & Co. v. C., M. & St. P. Ry. Co., 26 Interst. Com. Com'n, 112. This order began with a recital which reads as follows:

"This case being at issue upon complaint and answers on file, and having been duly heard and submitted by the parties, and full investigation of the matters and things involved having been had, and the commission having, on the date hereof, made and filed a report containing its findings of fact and conclusions thereon, which said report is hereby referred to and made a part hereof."

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The plaintiff requested and obtained a rehearing before the commission. As a result of the rehearing, the commission on April 6, 1914, filed a second report finding that cause had been shown for a modification of its former report, and that a further reduction of the rate should be made. The plaintiff was held to be entitled to an award of reparation, and the case was held open for further proceedings relating to the award. An order was made on the same day requiring the defendant to desist from charging the rates it was then charging and to establish new rates not exceeding the lesser rates fixed in its second order. Geo. A. Hormel & Co. v. C., M. & St. P. Ry. Co., 30 Interst. Com. Com'n, 98. On April 21, 1915, the commission made its final award of reparation, reciting the fact that its prior reports of February 3, 1913, and of April 6, 1914, contained its finding of fact and conclusions thereon, and also the fact that the parties had filed agreed statements respecting the movements of the shipments involved and of the amount of reparation due under the commission's findings, and the award was of this amount. When the case came on for hearing, a jury was waived by written stipulation and trial was had to the court. The court made a general finding of the amount due plaintiff but made a special finding of the amount allowed to plaintiff as attorney's fee.

[1] Some of the assignments of error attack the judgment on the theory that it is not based on the evidence. There was no request made to the trial court for a special finding of the facts, for a ruling upon the sufficiency of the evidence, nor for any declaration of law. The effect of section 700, U. S. Rev. Stats. (section 1668, U. S. Comp. Stats. 1913), in limiting the right of review of cases tried to the court, when a jury has been waived, has often been stated. Where the finding of facts is general, the court's conclusion is final on all questions of fact to the same extent as the verdict of a jury. In the absence of a request for declarations of law, and when the court has made none, there can be no error assigned because of the holdings of the court on questions of law. There may be a review of the sufficiency of the petition and of rulings upon the admission and exclusion of evidence, if proper exceptions are taken. The insufficiency of the evidence to support the judgment must be presented to the trial court. Mason v. United States, 219 Fed. 547, 135 C. C. A. 315, and cases cited; Mound Valley V. B. Co. v. Mound Valley N. G. & O. Co., 205 Fed. 147, 123 C. C. A. 478; Tiernan v. Chicago Life Ins. Co., 214 Fed. 238, 131 C. C. A. 284; Bunday v. Huntington, 224 Fed. 847, 140 C. C. A. 415; Wear v. Imperial Window Glass Co., 224 Fed. 60, 139 C. C. A. 622; Felker v. First Nat. Bank, 196 Fed. 200, 116 C. C. A. 32; Keeley v. Ophir Hill Consol. Mining Co., 169 Fed. 598, 95 C. C. A. 96; Hayden v. Ogden Savings Bank, 158 Fed. 90, 85 C. C. A. 558; Streeter v. Sanitary Dist. of Chicago, 133 Fed. 124, 66 C. C. A. 190; York v. Washburn, 129 Fed. 564, 64 C. C. A. 132; Kentucky Life & Acc. Ins. Co. v. Hamilton, 63 Fed. 93, 11 C. C. A. 42.

[2] The only assignment of error relating to the reception of evidence complains of the admission in evidence of the report and order of the commission dated February 3, 1913. The ground of objection

was that the order had been vacated by a subsequent order. There was no error in this ruling, because the same report and order had been pleaded and set forth as exhibits to plaintiff's petition, and had been admitted by the answer. The defendant contends that this order had been vacated by the commission because of the recital in the order which accompanied it:

"The commission having, on the date hereof, made and filed a report containing its findings of fact and conclusions thereon, which report is hereby referred to and made a part hereof."

The defendant says that the effect of this latter clause was to so incorporate the report in the order that, when the commission set aside this order and granted a rehearing, it thereby set aside the report. It was a permissible convenience for the commission to refer to the report in its contemporaneous order, instead of rewriting it in the order. The effect of the recital was to incorporate the report by reference in the order, but that did not destroy its separate existence and efficacy. The commission did not manifest any intention to set aside its first report. Its second report purports to be a mere modification of the first report, the award of reparation refers to both of the reports as containing its findings of fact and conclusions of law thereon, and they are again incorporated by reference in the award. Both reports were cited as precedents in later decisions by the commission in other cases. Decker & Sons v. C., M. & St. P. Ry. Co., 30 Interst. Com. Com'n, 547; Interstate Packing Co. v. Chicago, 41 Interst. Com. Com'n, 396.

[3] One assignment of error reaches the sufficiency of plaintiff's petition to warrant the judgment. The ground of challenge is that it appears from the reports of the commission, attached to the petition, that there was no finding by the commission that the rates charged plaintiff were unreasonable or discriminatory at the time the shipments moved. In its first report, the commission found that the rate charged was "unreasonable in and of itself and unjustly discriminatory" against plaintiff. It also found that plaintiff had been damaged to the extent that those rates exceeded rates which were found to be just and reasonable, and that it was entitled to reparation, and directed that further proceedings be had to ascertain the amount to be awarded. The second report of the commission recited that in its previous report it had found the rate charged to be unreasonable and unjustly discriminatory and to what extent. It found that cause had been shown for a modification of the conclusion in the former report, and that a further reduction of one-half cent per hundred pounds was proper, and this lesser rate was made the maximum of just and reasonable rates for the future. It further found that plaintiff had been damaged to the extent that the charges it had paid exceeded "charges which would have been paid at the rate found to be just and reasonable," and the case was held open for the further proceedings as to reparation, which was thereafter awarded, "as reparation on account of unreasonable and unjustly discriminatory rates" charged plaintiff on its shipments. Section 14 of the act to regulate commerce requires the commission to make a writ-

ten report of the findings of fact on which an award is made, and, under plaintiff's complaint, a finding was essential that the rates collected from the plaintiff were unreasonable and discriminatory. Meeker v. Lehigh Valley R. Co., 236 U. S. 412, 35 Sup. Ct. 328, 59 L. Ed. 644, Ann. Cas. 1916B, 691. Defendant does not complain of the insufficiency of the findings in the first report, but charges that the second report did not contain sufficient findings, and that the award must fail because the first report had been vacated and the only support for the award was the second report. The contention that the first report had been vacated has already been held to be unfounded. When the first and second reports and the award are read together, as they should be, because the latter merely supplement and give effect to the former (Meeker v. Lehigh Valley R. Co., 236 U. S. 412–428, 35 Sup. Ct. 328, 59 L. Ed. 644, Ann. Cas. 1916B, 691), a plain finding is deduced that the prior rates were found to be unreasonable and discriminatory to the extent that they exceeded the rates finally found to be just, and the award was made on that basis. The finding in the second report reciting the former finding holding the rates to be "unreasonable and unjustly discriminatory" to a certain extent, and then holding that cause had been shown for a modification of the first report, and that a further reduction "would be proper," and that plaintiff had been damaged to the extent payments exceeded charges then "found to be just and reasonable," supplemented by the statement in the order of award that it was granted "as reparation on account of unreasonable and unjustly discriminatory rates charged," can have no other rational meaning than that the rates charged plaintiff were found to be unreasonable and unjustly discriminatory during the time when its shipments were made, and to the extent of the excess above the rates finally determined to be reasonable. Mills v. Lehigh Valley R. Co., 238 U. S. 473, 35 Sup. Ct. 888, 59 L. Ed. 1414; New York Cent. & H. R. R. Co. v. Murphy, 224 Fed. 407, 140 C. C. A. 111.

[4] A further objection is made as to the allowance of interest to plaintiff on the amount awarded from a date prior to the date of the award. The objection is based on the ground that until the award the amount due was uncertain and unliquidated. The petition alleged that the higher rates had been exacted by the defendant against its protest. The commission may allow interest on rates found to be excessive when the charges have been paid under protest. Denver & R. G. R. Co. v. Baer Bros. Mercantile Company, 209 Fed. 577, 126 C. C. A. 399; Missouri Pac. Ry. Co. v. C. E. Ferguson Sawmill Co., 235 Fed. 474, —— C. C. A. ——. See, also, De La Rama v. De La Rama, 241 U. S. 154, 36 Sup. Ct. 518, 60 L. Ed. 932.

This disposes of all questions presented by the record, and, as no error is found, the judgment will be affirmed.