CHICAGO, M. & ST. P. RY. CO. et al. v. GEORGE A. HORMEL & CO.

(Circuit Court of Appeals, Eighth Circuit.   March 5, 1917.)

No. 4753.

APPEAL AND ERROR ⊙═∞232(1)—PRESENTING QUESTIONS BELOW—ATTORNEY'S
FEES—JOINT JUDGMENT.

Where separate suits were brought by a shipper against two railway companies to enforce an order of the Interstate Commerce Commission which were heard together, error, if any, in awarding a joint judgment for plaintiff against both defendants for attorney's fees, does not require a reversal, where the only objection made in the trial court was that the amount was excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1368, 1430.]

In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Separate suits by George A. Hormel & Co. against the Chicago, Milwaukee & St. Paul Railway Company and another to enforce awards of reparation made by the Interstate Commerce Commission.   Separate judgments were rendered in favor of plaintiff against each defendant, and a joint judgment was rendered against both for attorney's fees, and defendants bring error.   Affirmed.

George A. Kelly, of Chicago, Ill. (O. W. Dynes and Winston, Payne, Strawn & Shaw, all of Chicago, Ill., on the brief), for plaintiffs in error.

J. N. Nicholsen, of Austin, Minn., for defendant in error.

Before CARLAND, Circuit Judge, and RINER and MUNGER, District Judges.

MUNGER, District Judge.   George A. Hormel & Co. filed separate suits against the Chicago, Milwaukee & St. Paul Railway Company and the Chicago, Great Western Railroad Company, to enforce awards of reparation made by the Interstate Commerce Commission.   The cases were heard together, but a separate judgment in favor of the plaintiff was rendered against each railway company, and a joint judgment was also rendered in favor of the plaintiff against both of the railway companies as an allowance for attorney's fees in prosecuting these cases in the District Court.   Separate proceedings in error have been presented upon one record in the three cases.   The general facts are stated in the decision in the case of Chicago, Milwaukee & St. Paul Ry. Co. v. George A. Hormel & Co., 240 Fed. 381, filed herewith.

The only assignment of error in this case relates to the allowance of an attorney's fee, and it is based on the fact of the entry of a joint judgment against the defendants for the amount allowed.   Had this objection been presented to the trial court, either a separate judgment could have been entered, or a ruling could have been obtained as to the right to a joint judgment, and an exception saved.   The only ob-

⊙═∞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

jection made in the trial court was that the amount requested by plaintiff, which was much larger than the amount which was allowed, was excessive.

As the question presented here was not presented in the court below, the judgment will be affirmed.