**ROEDEGIR et al. v. PHILLIPS et al.**

No. 4040.

Circuit Court of Appeals, Fourth Circuit.

Oct. 6, 1936.

A. M. Aiken, of Danville, Va., and Gilbert E. Powell, of Greensboro, N. C. (Jesse W. Benton, of Danville, Va., on the brief), for appellants.

Clarence Ross and J. Elmer Long, both of Graham, N. C., for appellees.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

PER CURIAM.

This is an appeal from judgments rendered in three personal injury actions which were consolidated for trial in the court below. All three of the actions were based upon injuries sustained when an automobile in which plaintiffs were riding was in collision with an automobile of the defendants. Two trials were had in the court below. On the first of these, there was a verdict for the defendants, which the trial judge set aside, in his discretion, as being contrary to the weight of the evidence. On the second trial verdicts were rendered for the plaintiffs; and from judgments thereon the defendants have appealed. The appeal presents only two questions for our consideration: (1) Whether, at the first trial, there was error in setting aside the verdict for defendants and granting a new trial; and (2) whether, at the second trial, there was error in denying defendants' motion for a directed verdict.

As to the first of these questions, the rule is well settled that the setting aside of a verdict and the granting of a new trial is a matter resting in the sound discretion of the trial judge, and that the exercise of such discretion will not be disturbed on appeal in the absence of a clear showing of abuse. Newcomb v. Wood, 97 U.S. 581, 583, 24 L.Ed. 1085; Norfolk Southern Bus Corporation v. Lask (C.C.A.4th) 43 F.(2d) 45; Paine v. St. Paul Union Stockyards Co. (C.C.A.8th) 28 F.(2d) 463, 467; Mound Valley Vitrified

996

Brick Co. v. Mound Valley Natural Gas & Oil Co. (C.C.A.8th) 205 F. 147; James v. Evans (C.C.A.3d) 149 F. 136, 141; Clement v. Wilson (C.C.A.2d) 135 F. 749. A careful study of the record convinces us that there has been no such abuse of discretion in this case but that same has been wisely exercised. The trial judge was not without discretion to set aside the verdict and order a new trial merely because the evidence on the first trial was conflicting. He had seen the witnesses and had had opportunity to judge of their credibility; and, if he was convinced that the verdict was against the weight of the evidence or that, for any other reason, it would result in a miscarriage of justice, it was his duty to set it aside and order a new trial.

■ The motion for directed verdict on the second trial was properly denied. Without reciting the evidence, it is sufficient to say that, when viewed, as it must be, in the light most favorable to plaintiffs, it was sufficient to establish negligence on the part of defendants and that the injuries of plaintiffs resulted therefrom. The evidence as to the contributory negligence of plaintiffs was conflicting and clearly did not warrant direction of verdict on that ground.

■ In the recent case of Garrison v. United States, 62 F.(2d) 41, 42, we pointed out the difference between the rules applicable as to the sufficiency of the evidence in the respective cases of motion to direct a verdict and motion to set aside a verdict and grant a new trial. The rules there laid down dispose of both questions now before us. We said:

"Where there is substantial evidence in support of plaintiff's case, the judge may not direct a verdict against him, even though he may not believe his evidence or may think that the weight of the evidence is on the other side; for, under the constitutional guaranty of trial by jury, it is for the jury to weigh the evidence and pass upon its credibility. He may, however, set aside a verdict supported by substantial evidence where in his opinion it is contrary to the clear weight of the evidence, or is based upon evidence which is false; for, even though the evidence be sufficient to preclude the direction of a verdict, it is still his duty to exercise his power over the proceedings before him to prevent a miscarriage of justice. See Felton v. Spiro (C.C.A.6th) 78

F. 576. Verdict can be directed only where there is no substantial evidence to support recovery by the party against whom it is directed or where the evidence is all against him or so overwhelmingly so as to leave no room to doubt what the fact is. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720. Verdict may be set aside and new trial granted, when the verdict is contrary to the clear weight of the evidence, or whenever in the exercise of a sound discretion the trial judge thinks this action necessary to prevent a miscarriage of justice."

The judgments appealed from will be affirmed.

Affirmed.