336

## UNITED STATES v. ONE 1941 LINCOLN ZEPHYR SEDAN, MOTOR NO. H-107,919, etc.

### No. 3616.

District Court, E. D. Missouri, E. D.

Nov. 16, 1945.

Harry C. Blanton, U. S. Dist. Atty., of Sikeston, Mo., and Arthur A. Haupke, Asst. U. S. Atty., of St. Louis, Mo., for plaintiff.

O. F. Underwood, of St. Louis, Mo., and J. B. Underwood, of Tulsa, Okl., for defendant.

HULEN, District Judge.

This is a libel action against a Lincoln Zephyr Sedan automobile and approximately nine and a half cases of liquor, based upon alleged violation of Title 27 U. S.C.A. § 223, which makes it a criminal offense to transport or attempt to transport intoxicating liquor into any state in which sales of intoxicating liquor are prohibited, and 27 U.S.C.A. § 224, which provides for the forfeiture of such liquor and the vehicle used in its transportation.

One McClelland and Padgett were arrested on the 20th day of March, 1945, while operating a motor vehicle in Franklin County, Missouri, in a westerly direction on U. S. Highway 66. As a result of the arrest, the car then being driven by McClelland and its contents, consisting of approximately nine and a half cases of intoxicating liquor, were seized. This libel proceeding by the libelant, United States of America, followed. McClelland filed a claim for the seized property, alleging ownership, and denying violation of any federal law at the time of the seizure. McClelland died prior to trial, and the claim was thereafter prosecuted by his administrator.

Trial to a jury resulted in a verdict for the claimant. The matter is now before the Court on motion of libelant to set aside the verdict awarding the property to the claimant on the ground that the verdict is against the weight of the evidence and contrary to the Court's instructions.

Certain facts are undisputed. McClelland was the owner of the car in which the liquor was being transported at the time of seizure. The liquor was the property of McClelland and was of an alcoholic content proscribed by Title 27 U.S.C.A. § 223. Sale of the liquor seized in the State of Oklahoma would have been a violation of the laws of that state. Exceptions in the Federal statute are not an issue.

. At the time of seizure, McClelland was driving the car containing the liquor in a westerly direction on Highway 66 in Franklin County. Highway 66 runs in a generally southwesterly direction, through a corner of Kansas, into the State of Oklahoma. No effort was made to explain the possession of the liquor by McClelland. McClelland lived in the town of Seneca in Missouri, near the Oklahoma border. Padgett lived in Tulsa, Oklahoma. So much for the undisputed facts.

Ten witnesses testified for the Government. The Government's evidence consisted not only of circumstantial evidence that McClelland at the time of the seizure was engaged in an attempt to transport intoxi-

cating liquor into the State of Oklahoma in violation of the law, by evidence of possession and ownership of the liquor, possession and ownership of the car, location of the car at the time of the seizure and direction which it was being driven by McClelland, typewritten list of persons who deal in liquor in violation of the law in the State of Oklahoma found in the car —but there was evidence of confessions made on four different occasions, with periods ranging from hours to days and weeks intervening, to State Troopers of Missouri, and members of the Federal Alcohol Tax Unit. In these confessions McClelland admitted that at the time of the seizure he was on the way to Oklahoma with the intoxicating liquor found in the car, and affirmed that he had been engaged in like transactions for a period of several months. At the time of the seizure McClelland attempted to bribe the State Troopers to release him. After the libel proceedings were initiated McClelland again admitted his guilt to the State Troopers, and stated that he wanted to plead guilty to the criminal charge but that his attorneys would not permit him to do so.

As against this evidence, the claimant called Padgett as a witness. No one else. At the time of trial Padgett faced a criminal charge. He claimed to be "only a hitch hiker" with no interest in the liquor. He testified that he was on his way home "to Tulsa, Oklahoma," at the time of his arrest, having been with McClelland "not over thirty minutes." If this were true, he could have no direct knowledge as to where McClelland was going with the liquor seized. Some of the confessions of McClelland are denied by him—others are not.

The Court was impressed with the Government's witnesses, their integrity and fairness—not only that they were worthy of belief, but that they made a clear and convincing case for the Government.

The Court was not impressed by the testimony of the witness Padgett. The oath carried no weight with him, in our opinion. He did not show any inclination to tell the truth on the witness stand, in this case. His testimony consisted principally of narration of abuse of McClelland and himself by the arresting officers. Asked to pick out the officer guilty of the improper conduct, he finally rested his identification upon the one officer who had testified and left the court room and was not available to be recalled by the Government. It is to be noted that this officer when on the witness stand was not examined by the claimant's attorney on the subject of abuse, that was the burden of Padgett's testimony, nor was any attempt made to do so. The witness was impeached on his claim that he had never met McClelland prior to the day of their arrest and seizure of the property. But giving to the testimony of Padgett full faith and credit, he did not place in issue the case made by the Government, yet the jury for some unexplainable reason found for the claimant.

We are not at all sure that it was claimant's purpose to try to convince the jury that McClelland did not propose to transport the intoxicating liquor in his possession at the time of the seizure into the State of Oklahoma. We make this observation because in argument of counsel for the claimant to the jury, he stated that if McClelland stopped at his home in Seneca, Missouri, and later proceeded into Oklahoma with the liquor there would be no violation of the law at the time of the seizure. The Court attempted to enlighten the jury on this phase of the case, maybe without success. There was no substantial evidence that McClelland intended to stop at his home in Seneca, Missouri, although the jury may well have found that such would be the probable action of McClelland on reaching Seneca.

■■ Where the evidence offered by the party for whom a verdict is rendered, conceding to it the greatest probative force to which according to the laws of evidence it is fairly entitled, is not sufficient to support or justify the verdict, it is the duty of the Court to set aside the verdict and grant a new trial, and in conformity with this rule of law, we feel duty bound to set aside the verdict in this case and grant a new trial. We not only consider that the verdict was against the weight of the evidence, but we are unable to find any substantial evidence upon which the verdict can rest in this case. To permit it to stand would not only be a miscarriage of justice, but would permit juries to play fast and loose with the instructions of the Court and render any verdict that might suit their fancy, because of bias, prejudice or lack of sympathy with the law upon which the action is based. See Parker v. Lewis, 1829, 18 Fed.Cas. page 1145, No. 10,741a; United Press Associations v. National Newspapers Association, 8 Cir., 1918, 254

F. 284; Egan Chevrolet Co. v. Bruner, 8 Cir., 1939, 102 F.2d 373, 122 A.L.R. 987; Southern R. Co. v. Stewart, 8 Cir., 1941, 119 F.2d 85; New Amsterdam Casualty Co. v. Farmers' Co-op. Union, 8 Cir., 1924, 2 F.2d 214; Equitable Life Assur. Soc. v. Guion, 8 Cir., 1936, 86 F.2d 865; Westland Oil Co. v. Firestone Tire & Rubber Co., 8 Cir., 1944, 143 F.2d 326; United States v. Fain, 8 Cir., 1939, 103 F.2d 161; Mound Valley Vitrified Brick Co. v. Mound Valley Natural Gas & Oil Co., 8 Cir., 1913, 205 F. 147; 6 Hughes Federal Practice (1931) Sec. 3886, pages 412–415. For cases from other circuits, see Walker v. Smith, C.C. Pa.1804, 29 Fed.Cas. page 56, No. 17,087, 1 Wash.C.C. 202; Hunt v. Pooke, C.C.D. R.I.1870, 12 Fed.Cas. page 927, No. 6,895, 1 Abb.U.S. 556; United States v. Duval, D. C.E.D.Pa.1833, 25 Fed.Cas. page 953, No. 15,015, Gilp. 356; Woodward v. Atlantic Coast Line, 5 Cir., 1932, 57 F.2d 1019; Howard v. Louisiana & A. R. Co., 5 Cir., 1931, 49 F.2d 571; Felton v. Spiro, 6 Cir., 1897, 78 F. 576; Wright v. Southern Exp. Co., C.C.W.D.Tenn.W.D.1897, 80 F. 85; Mt. Adams & E. P. Inclined R. Co. v. Lowery, 6 Cir., 1896, 74 F. 463; Ulman v. Clark, C.C.D.W.Va.1900, 100 F. 180.

We have read the brief supplied by claimant. With the authorities cited we have no question. Their application to the facts of this case we doubt. The Government's case is not wholly dependent on the admissions. The admissions were consistent with all other facts and inconsistent with the innocence of McClelland.

Claimant seems to be laboring under the impression that unless the record presents a state of facts which would call for a directed verdict in favor of the Government, then the Court is powerless to act, even though convinced that the verdict is against the weight of the evidence and has no evidence to support it.

In Roedegir et al. v. Phillips et al., 4 Cir., 1936, 85 F.2d 995, the appeal presented the question whether at the first trial there was error in setting aside the *verdict for defendants* and granting a new trial. The Court held:

" * * * the rule is well settled that the setting aside of a verdict and the granting of a new trial is a matter resting in the sound discretion of the trial judge, and that the exercise of such discretion will not be disturbed on appeal in the absence of a clear showing of abuse. Newcomb v. Wood, 97 U.S. 581, 583, 24 L.Ed. 1085; Norfolk Southern Bus Corporation v. Lask, 4 Cir., 43 F.2d 45; Paine v. St. Paul Union Stockyards Co., 8 Cir., 28 F. 2d 463, 467; Mound Valley Vitrified Brick Co. v. Mound Valley Natural Gas & Oil Co., 8 Cir., 205 F. 147; James v. Evans, 3 Cir., 149 F. 136, 141; Clement v. Wilson, 2 Cir., 135 F. 749. * * * The trial judge was not without discretion to set aside the verdict and order a new trial merely because the evidence on the first trial was conflicting. He had seen the witnesses and had had opportunity to judge of their credibility; and, if he was convinced that the verdict was against the weight of the evidence, or that, for any other reason, it would result in a miscarriage of justice, it was his duty to set it aside and order a new trial. * * *

"In the recent case of Garrison v. United States, 4 Cir., 62 F.2d 41, 42, we pointed out the difference between the rules applicable as to the sufficiency of the evidence in the respective cases of motion to direct a verdict and motion to set aside a verdict and grant a new trial. The rules there laid down dispose of both questions now before us. We said:

" 'Where there is substantial evidence in support of plaintiff's case, the judge may not direct a verdict against him, even though he may not believe his evidence or may think that the weight of the evidence is on the other side; for, under the constitutional guaranty of trial by jury, it is for the jury to weigh the evidence and pass upon its credibility. He may, however, set aside a verdict supported by substantial evidence where in his opinion it is contrary to the clear weight of the evidence, or is based upon evidence which is false; for, even though the evidence be sufficient to preclude the direction of a verdict, it is still his duty to exercise his power over the proceedings before him to prevent a miscarriage of justice. See Felton v. Spiro, 6 Cir., 78 F. 576 * * *.' "

### Order.

Motion of United States of America that the verdict in this cause rendered on the 16th day of October, 1945, be set aside is hereby sustained and said cause placed upon the trial calendar for a new trial.