## STANDARD OIL CO. v. CATES.*

Circuit Court of Appeals, Fourth Circuit.
October 16, 1928.

No. 2749.

*Certiorari denied 49 S. Ct. —, 73 L. Ed. —.

C. W. Tillett, of Charlotte, N. C. (Tillett, Tillett & Kennedy, of Charlotte, N. C., on the brief), for appellant.

Thomas C. Carter, of Mebane, N. C., and L. P. McLendon, of Durham, N. C. (H. G. Hedrick and J. E. Long, both of Durham, N. C., and L. C. Allen, of Graham, N. C., on the brief), for appellee.

Before WADDILL and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

NORTHCOTT, Circuit Judge. This is an action brought against the Standard Oil Company, a corporation, by S. H. Cates, Sr., father of S. H. Cates, Jr., a boy 4 years old, who was killed in a collision between a truck owned by the oil company and a Nash sedan automobile driven by one M. J. Curley, in which Nash automobile the child was, with others, a passenger. The accident occurred in Burlington, N. C., and the action was brought by Cates, Sr., as administrator. The trial was had in the District Court of the United States for the Middle District of North Carolina.

The jury answered the issues submitted to them as follows:

(1) Was the plaintiff's intestate injured and killed by the negligence of the defendant, as alleged in the complaint? Ans. Yes.

(2) What damages is the plaintiff entitled to recover of the defendant? Ans. $7,500.

Upon this verdict of the jury the trial court entered judgment against the defendant oil company for the sum of $7,500 from which action of the court this appeal was taken.

■ It is urged on behalf of the appellant, who was the defendant below, and who will be referred to here as the defendant, that the trial judge should have directed a verdict for the defendant. The rule in the federal courts on this question is well settled and was discussed by this court in Anderson v. Southern Ry. Co., 20 F.(2d) 71:

"When the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury but may direct a verdict for the defendant." Delk v. St. Louis & S. F. R. Co., 220 U. S. 587, 31 S. Ct. 620, 55 L. Ed. 590.

Applying this rule, it is clear that there was ample evidence in the present case to justify its submission to the jury, and which, if believed by the jury, was sufficient to justify the jury's finding.

■ It is strongly contended on behalf of the defendant that the trial court erred in admitting in evidence a statement made by Curley, the driver of the Nash car, the next day after the accident. It is admitted that this evidence is properly admissible under the ruling of the Supreme Court of North Carolina, but it is argued that the rule in the federal court is different, and that the federal courts are not governed by the state rule on questions of the admissibility of evidence. This question was thoroughly discussed by this court in the case of Franklin Sugar Refining Co. v. Luray Supply Co., 6 F.(2d) 218, where Judge Waddill said:

"The fact that this court is bound by and should follow the decisions of the highest court of the state on the subject of the admissibility of testimony is in our opinion beyond controversy, and we are required so to do as well by statutes of the United States, * * * as by the decisions of its courts."

■ The court refused to grant an instruction offered by the defense to the effect that, if the accident happened at the point claimed by the defendant, they could not answer the first issue in the affirmative. Apparently the defendant endeavors to raise a question of variance between the complaint and the evidence. The effect of granting the instruction would have been that, if the jury found that the accident happened partly through the negligence of Curley and partly through the negligence of the truck driver, there should have been a verdict for the defendant. The court instructed the jury to the contrary. This instruction was undoubtedly right, because, even if Curley was partly responsible, his negligence could not be imputed to the child. The right of action grew out of the death of the child against the Standard Oil Company, if it was solely to blame, or if it was partly to blame, for the accident. Therefore the charge of the judge did substantial justice. It would have been perhaps technically more correct for the judge to have required an amendment of the complaint, so as to cover the contingency of negligence on the part of both drivers, but the failure to require such an amendment coud not have done the Standard Oil Company any harm.

■ It is also urged that the instructions of the judge in regard to the measure of damages, is incorrect. The verdict of the jury amounted to $7,500. The North Carolina statute makes admissible a certain mortuary table, so as to determine the longevity of the person, but these tables only begin with the age of 10 years. The defendant therefore contends that there was no evidence from which the jury could find the expectancy of the child's life, and therefore could not intelligently reach any conclusion as to the possible earning of the child, or the cost of his upkeep. We think, however, that while the statute permits the use of such table, it is not an essential piece of evidence, and the charge of the judge followed very closely rulings of the Supreme Court of North Carolina in similar cases.

An examination of the record does not disclose any prejudicial error on the part of the trial judge in the granting or the refusal to grant any of the instructions. There was no error in the trial below, and the judgment is accordingly affirmed.