## BRANDON et al. v. HOLMAN.

### No. 2953.

Circuit Court of Appeals, Fourth Circuit.

June 21, 1930.

William F. Simpson, of Wheeling, W. Va., and Edmund W. Arthur, of Pittsburgh, Pa., for appellants.

G. L. Bambrick, of New Cumberland, W. Va., and Staige Davis, of Charleston, W. Va. (D. C. T. Davis, Jr., of Charleston, W. Va., on the brief), for appellee.

Before NORTHCOTT, Circuit Judge, and McCLINTIC and HAYES, District Judges.

NORTHCOTT, Circuit Judge.

This is an action of debt originally instituted in the circuit court of Hancock county in the state of West Virginia, by H. A. Graham, receiver of the First National Bank of New Cumberland, W. Va., as plaintiff, against James E. Brandon and American Surety Company of New York, as defendants. Upon the removal of the case to the District Court of the United States for the Northern District of West Virginia, and before the trial, Phillip A. Holman, as receiver of said bank, was substituted in the place of H. A. Graham, resigned.

James E. Brandon had been for a number of years cashier of the First National Bank of New Cumberland, W. Va., and, as such cashier, gave bond with the American Surety Company of New York as surety, which bond was conditioned "to pay First National Bank of New Cumberland, West Virginia such pecuniary loss, not exceeding Ten Thousand ($10,000.00) Dollars, as the latter shall have sustained of money or other personal property (including that for which the Employer is responsible), by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or willful misapplication on the part of the Employe, directly or through connivance with others, while in any position or at any location in the employ of the Employer."

At the conclusion of the plaintiff's evidence at the trial, motion was made by the defendants to direct a verdict in their favor, which motion the court overruled, and at the conclusion of the taking of all the evidence, on motion of the plaintiff, the court directed a verdict for the plaintiff, and entered judgment for the full amount of $10,000 on the verdict, from which action of the court this appeal was taken.

There is little or no dispute as to the facts in the case, and the evidence shows that J. E. Brandon was a man in the neighborhood of eighty years old, and had been for a number of years cashier of the bank; that he was active in the discharge of his duties and was in the bank practically every day; that the bank was run by said Brandon, his two sons, and a daughter; that the said Brandon and his two sons were active in the management of a corporation known as the New Cumberland Glass Company; that the bank sustained a loss of over $90,000 by misuse of its funds by the Brandons for the profit of the glass company; that there were a number of shortages of cash in the bank on various occasions, shown by the fact that the cash deposit slip, made up by the elder Brandon as cashier, did not check with the general ledger of the bank; that the elder Brandon paid out large sums of money on the order of the glass company, when there was no money in the bank to the credit of said company; that a number of notes in the bank, executed by the elder Brandon and two sons, aggregating over $20,000, were exchanged for bonds of the glass company, which bonds were worthless, and that the bank was wrecked by the misuse of its funds by the Brandons in an effort to help the said glass company.

It is contended on behalf of the defendants that the conduct of J. E. Brandon, as cashier of the bank, did not bring the loss sustained by the bank within the meaning of the language of the condition of the bond, and that there was no "fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or willful misapplication on the part of the said Brandon, directly or through connivance with others." We cannot agree with this contention. It is a well-settled rule of law that, if the bond is fairly and reasonably susceptible of two constructions, one favorable to the bank and the other favorable to the surety company, the former, if consistent with the object for which the bond was given, must be adopted. National Bank v. Insurance Co., 95 U. S. 673, 24 L. Ed. 563; American Surety Co. v. Pauly, 170 U. S. 144, 18 S. Ct. 552, 42 L. Ed. 977; Travelers' Ins. Co. v. McConkey, 127 U. S. 661, 666, 8 S. Ct. 1360, 32 L. Ed. 308; Citizens Trust & Guaranty Co. of W. Va. v. Globe & Rutgers Fire Ins. Co. (C. C. A.) 229 F. 326, Ann. Cas. 1917C, 416.

The cashier is undoubtedly such an officer of the bank as is chargeable with the knowledge of the transactions that took place in the bank, and the elder Brandon cannot possibly escape the responsibility devolving upon him as cashier. The bond was given to protect the bank from the wrongful action of the cashier. While it is true that the words fraud and dishonesty are used in the condition of the bond, yet, it also included the wrongful abstraction or willful misapplication of funds directly or through connivance with others. The words fraud or dishonesty

588

are to be given a broad signification. Citizens Trust & Guaranty Co. of W. Va. v. Globe & Rutgers Fire Insurance Co. (C. C. A.) 229 F. 326, 330, Ann. Cas. 1917C, 416; Maryland Casualty Co. v. First National Bank. (C. C. A.) 246 F. 892; Minor v. Mechanics' Bank, 1 Pet. (26 U. S.) 46, 7 L. Ed. 47.

The actions of the cashier, as proven, certainly amounted to a legal fraud. Connivance with others may be committed by passive permission, or failure to prevent, or helping by not hindering when it is one's duty to prevent, or by negligence or voluntary oversight. Woldson v. Larson (C. C. A.) 164 F. 552; Sherwood v. Titman, 55 Pa. 77; State v. Gesell, 124 Mo. 536, 27 S. W. 1101; Dennis v. Dennis, 68 Conn. 186, 36 A. 34, 34 L. R. A. 449, 57 Am. St. Rep. 95; Richardson v. Richardson (Sup.) 114 N. Y. S. 916; Bank v. Bosseiux (D. C.) 3 F. 817; Marshall v. Farmers & Mechanics' Savings Bank of Alexandria, 85 Va. 676, 8 S. E. 586, 2 L. R. A. 534, 17 Am. St. Rep. 84; Sperings' Appeal, 71 Pa. 11, 10 Am. Rep. 684.

In the case of Citizens Trust & Guaranty Co. of W. Va. v. Globe & Rutgers Fire Insurance Co., supra, this court said: "The meaning of fraud and dishonesty extends beyond acts which would be criminal. They are to be given a broad signification, and taken most strongly against the surety company."

In Cyclopedia of Insurance Law, Couch, vol. 5, p. 4353, it is stated that: "It is not necessary that a bonded employee should act for purposes of personal profit in order that he may be guilty of fraud or dishonesty. A breach of trust or an abstraction of funds, together with deceit and concealment is fraud or dishonesty within the meaning of a fidelity bond, although the act is performed for the profit of another. And as a general rule, the meaning of 'fraud' and 'dishonesty' extends beyond acts which are criminal, the words being given a broad significance and being construed most strongly against the insurer."

In Bouv. L. Dict. (Rawle's Third Rev.) "connivance" is defined as follows: "An agreement or consent, indirectly given, that something unlawful shall be done by another."

The conclusively proven actions of the defendant Brandon brought the loss, suffered by the bank, amounting as it did to over $90,000, clearly within the express condition of the bond.

 It was the duty of the judge below, under the circumstances, to direct a verdict for the plaintiff. The rule laid down by the Supreme Court of the United States is that a verdict should be directed when the evidence given at the trial, with all inferences that the jury could justifiably draw from it, leads to but one conclusion. Delk v. St. Louis & S. F. R. Co., 220 U. S. 587, 29 S. Ct. 687, 53 L. Ed. 658; A. B. Small Co. v. Lamborn & Co., 267 U. S. 248, 45 S. Ct. 300, 69 L. Ed. 597. This court has repeatedly held to the same effect. Anderson v. Southern Ry. Co. (C. C. A.) 20 F.(2d) 71; Lamborn v. Woodard (C. C. A.) 20 F.(2d) 635; Flannagan v. Provident Life & Accident Ins. Co. (C. C. A.) 22 F.(2d) 136; Lyon v. Travelers' Protective Ass'n of America (C. C. A.) 25 F.(2d) 596; Livingston v. Atlantic Coast Line R. Co. (C. C. A.) 28 F.(2d) 563; Standard Oil Co. v. Cates (C. C. A.) 28 F.(2d) 718.

The court below properly directed a verdict for the plaintiff, and the judgment is accordingly

Affirmed.