**NORFOLK SOUTHERN BUS CORPORATION v. LASK.**

**No. 2994.**

Circuit Court of Appeals, Fourth Circuit.

July 16, 1930.

J. W. Eggleston, of Norfolk, Va. (Vandeventer, Eggleston & Black, of Norfolk, Va., on the brief), for appellant.

Tazewell Taylor, of Norfolk, Va., for appellee.

Before NORTHCOTT, Circuit Judge, and BAKER and COLEMAN, District Judges.

COLEMAN, District Judge.

This is an appeal from a judgment of the United States District Court for the Eastern District of Virginia, at Norfolk, in favor of the appellee, Isabelle E. Lask, a resident of New York City, the plaintiff below, and hereinafter called the plaintiff, against the appellant, Norfolk Southern Bus Corporation, a Virginia corporation, defendant below, and hereinafter called the defendant, in an action for personal injuries, alleged to have been caused the plaintiff by reason of the negligent operation of a motorbus belonging to the defendant.

On the afternoon of July 11, 1929, the plaintiff, accompanied by a friend, Mrs. Barrett, had left the Cavalier Hotel at Virginia Beach, Va., for a horseback ride. She had crossed the concrete roadway known as Atlantic avenue, which runs in front of the hotel and parallel with the beach, and was proceeding northward along the shoulder or narrow strip of sand or dirt contiguous to the right-hand edge of the roadway, which they and other riders had been accustomed to use as a bridle path in gaining access to the beach. A motorbus belonging to the defendant, proceeding northward on Atlantic avenue, thereupon overtook the riders, collided with the horse on which the plaintiff, who was riding some thirty feet behind her friend, was mounted, with the result that both horse and rider were thrown violently upon the concrete roadway, the horse sustaining injuries from which he died in a short while, and the plaintiff suffering concussion of the brain and other injuries. Upon suit being filed by the plaintiff, defendant pleaded the general issue and contributory negligence on the part of the plaintiff. At the trial, which was had before a jury, both after submission of plaintiff's evidence and at the conclusion of the entire evidence, defendant moved for a directed verdict on the ground that no negligence had been shown on its part, and that the evidence disclosed contributory negligence on the part of the plaintiff. These motions were denied; the case was submitted to the jury, resulting in a verdict in favor of the plaintiff for $10,000. Defendant thereupon moved for a new trial, which motion was also overruled, and judgment was entered for the amount of the verdict, from which this appeal is taken.

There are four assignments of error, the first two questioning the correctness of the lower court's action in failing to direct a verdict; the third questioning the action of the lower court in refusing to set aside the verdict and grant a new trial, on the ground that the verdict was contrary to the law and the evidence; and the fourth, the logical corollary of the others, is to the effect that the lower court erred in entering judgment on the verdict.

By the third assignment of error defendant seeks to have this court review the action of the lower court, which is highly discretionary, and which, therefore, is not reviewable except for actual abuse of discretion. Harley v. U. S. (C. C. A.) 269 F. 384, and cases cited. Defendant does not question the amount of the verdict, but claims that a new trial should have been granted primarily be-

cause a verdict in its favor should have been directed, and, secondarily, because the verdict as rendered was contrary to the law and evidence and in disregard of the court's charge. The two contentions are substantially interdependent. The first is the basis for the remaining assignments of error. Therefore we will proceed at once to a consideration of the question whether the lower court was correct in refusing to direct a verdict in defendant's favor.

The lower court, in its charge to the jury, stated its conception of the law governing the case as follows:

"The jury is charged that the mere fact that there has been an accident and that the plaintiff has been injured does not entitle her to a verdict in this case. The basis of this action is negligence and there is no presumption of negligence from the mere happening of the accident; on the contrary, there is a presumption, until it is overcome by evidence, that satisfies the jury's mind of the negligence of the defendant, that the bus of the defendant was operated with due care.

"Gentlemen of the jury, in order that the plaintiff may recover in this case, it is necessary, first, that you should find that the accident was due solely and entirely to the negligence of the bus driver, and, secondly, that the plaintiff herself was not guilty of any negligence which caused or contributed to this accident. If you believe from the evidence that the accident was proximately, which means directly, due to the concurring negligence of the plaintiff and the defendant, that is to say if you believe both plaintiff, Mrs. Lask, and the driver of the bus, were negligent, there can be no recovery in favor of the plaintiff in this case because under the doctrine of contributory negligence that obtains in Virginia, she would not be entitled to a verdict.

"The duty which the law imposes upon an operator of an automobile driving on a highway is to use ordinary care to operate the car so as to avoid injury to persons who, exercising due and proper care for their own safety, are lawfully on the highway. If you believe, gentlemen of the jury, from a preponderance of the evidence that on the occasion in question the plaintiff, Mrs. Lask, was exercising due care for her own safety and that while riding on the sand alongside the concrete roadway she was, as the result of the negligence of the defendant, the driver of the bus, injured as she alleges, then you shall find a verdict in her favor. On the other hand, it is equally the duty of a pedestrian using the highway to exercise reasonable care for his own safety. It was the duty of the plaintiff in this case to use ordinary and reasonable care in riding and in controlling the horse and looking and listening to prevent a collision or damage to herself, and if you believe from the evidence that Mrs. Lask did not use such care and thereby contributed to the happening of the accident, then in that case she is not entitled to a recovery." ·

The aforegoing is a correct statement of the law applicable· to the present case. ·No exceptions were taken to any part of the charge by either plaintiff or defendant. But defendant contends (1) that the undisputed physical facts prove that the collision could not have occurred as plaintiff claims; (2) that she herself was guilty of contributory negligence, and that therefore the court was required, as a matter of law, so to rule and should have directed a verdict in its favor.

■ The rule governing the direction of verdicts by a trial court as established by the Supreme Court "is that where the evidence is undisputed, or of such conclusive character that if a verdict were returned for one party, whether plaintiff or defendant, it would have to be set aside in the exercise of a sound judicial discretion, a verdict may and should be directed for the other party." Small Co. v. Lamborn & Co., 267 U. S. 248, 254, 45 S. Ct. 300, 303, 69 L. Ed. 597. Or, as stated in a later case, "it is the duty of the trial judge to direct a verdict for one of the parties when the testimony and all the inferences which the jury reasonably may draw therefrom would be insufficient to support a different finding." Chicago, M. & St. P. Ry. v. Coogan, 271 U. S. 472, 478, 46 S. Ct. 564, 566, 70 L. Ed. 1041. This rule has been repeatedly followed in this court. Of the more recent decisions, see Anderson v. Southern Ry. Co. (C. C. A.) 20 F.(2d) 71; Lamborn v. Woodard (C. C. A.) 20 F.(2d) 635; Flannagan v. Provident Life & Accident Insurance Co. (C. C. A.) 22 F.(2d) 136; Livingston v. Atlantic Coast Line R. Co. (C. C. A.) 28 F.(2d) 563; Standard Oil Co. v. Cates (C. C. A.) 28 F.(2d) 718.

Testing the evidence by this rule, we find no ground for reversing the action of the lower court. With respect to defendant's first contention that the physical facts show that the collision could not have happened as plaintiff herself has testified, namely, that, while her horse was proceeding calmly and quietly along the shoulder of the road, about a foot and a half from the edge of the concrete pavement, it was struck from behind by defendant's bus, and that, since she must re-

cover on the strength of her own testimony, defendant was entitled to a directed verdict, reliance is placed upon certain parts of the testimony to the effect that the bus had no overhang; that the right side was not damaged forward of the front door; that plaintiff's horse showed evidence of injury only on his right side, that is, on the right hip; that the horse fell on the concrete after being struck, as did the plaintiff herself; and that the right wheels of the bus were a foot and a half from the right edge of the concrete at the moment of the accident.

There is undoubtedly some evidence in support of each of these contentions, but likewise there is evidence which tends to contradict them. For example, the general superintendent of the defendant company testified that the body of the bus overhung the wheels about six inches on either side; Harris, in charge of the stables from which the horse was hired, testified that the horse's left hip was crushed. Plaintiff's friend, Mrs. Barrett, testified "the bus was running just as close to the eastern edge of the concrete as it could possibly run without running off on the dirt;" and that "the over-hanging part of the bus struck the horse where it protrudes out there." In addition, any analysis of the evidence must take into account the anatomy of a horse—the fact that the hind quarters at the hips are considerably broader than is the tread or path of the hoofs. Also proof that the horse was in fact struck on the right and not the left side would not of itself necessarily negative negligence on the part of the bus driver, because it was still necessary to show that he was approaching with due care with respect to the known position and action of the horse. This is but another way of saying that it would not have been negligence per se for the plaintiff to have been riding on the concrete roadway. The bus driver stated that he was not sure but that the plaintiff may have been. Similarly, the positions in which both the horse and rider were found after the accident are not conclusive, because influenced, to a considerable extent, perhaps, by their own fright and struggles, as well as by the impact.

The jury was entitled to take all of the aforegoing factors into consideration, and, if they made the plaintiff's case stronger than she herself made it, the jury had a right to believe the more favorable interpretation. In so doing, the jury would still be accepting as true the substance of plaintiff's story, but varied in certain particulars upon which no two minds are likely to agree under the exigencies of such a situation. We find nothing in this view inconsistent with that laid down in such cases as Massie v. Firmstone, 134 Va. 450, 114 S. E. 652, and other similar decisions, to which counsel for defendant refer.

With respect to defendant's second contention, namely, that, even assuming the accident happened as plaintiff claims, she was nevertheless herself guilty of contributory negligence, it is sufficient to say that it is patent, from the analysis of the evidence just given, that this question was susceptible of either a negative or an affirmative answer. [3-5] Therefore, with the evidence in this state, and taking that view of it, as we must, which is most favorable to the plaintiff, it is obviously impossible to say that there is not ample testimony to support a verdict in favor of the plaintiff. The rule by which we are governed does not permit us to pass upon the credibility of the various witnesses; that was, and must be, left to the jury. It cannot be denied, as shown by those parts of the testimony referred to, as well as other parts which it becomes unnecessary to enumerate, that there is definite conflict in the evidence. Taken as a whole, it must create in the mind of the average person three theories as to the cause of the collision: First, that although the bus was being driven at a proper rate of speed and its chauffeur was in all other respects exercising due care, plaintiff's horse shied or stepped out upon, or near to, the road, due to no fault on the part of the plaintiff, and was thereby struck; second, that the chauffeur was proceeding too fast or too close to the edge of the concrete, or was not keeping a sufficient lookout, so that, when plaintiff's horse, while being ridden with due care, at a proper distance and pace on the shoulder of the road, varied his movements for whatever cause, he was unable to avoid striking the horse; third, that, regardless of defendant's negligence, plaintiff may have been guilty herself of contributory negligence by not having her horse sufficiently in hand, and by not riding at such distance from, or proper gait along, the edge of the concrete roadway, so as to insure safety in the event that her horse might become frightened or agitated, as she might reasonably have expected, upon the approach of a vehicle of the type of defendant's bus, at proper speed, on the right-hand side of the roadway, and might get into the path of such vehicle. As has been said, it could reasonably be concluded from the evidence that any one of these three sets of circumstances existed. The first spells unavoidable accident, the second negligence on the part of the defendant alone, and the third contributory negligence on the

part of the plaintiff. This being true, it would have been improper for the trial court to have deprived the jury of its exclusive prerogative to determine which set of circumstances, in their own judgment, was the one which actually existed. A finding of either the first or third set of circumstances would have barred recovery, but the jury found the second.

Our conclusions, therefore, are that there was no error in the action of the trial court in refusing either (1) to direct a verdict for the defendant, or (2) to grant a new trial, and the judgment is accordingly affirmed.