### SOUTH CAROLINA ASPARAGUS GROWERS' ASS'N v. SOUTHERN RY. CO.

No. 3058.

Circuit Court of Appeals, Fourth Circuit.

Jan. 13, 1931.

J. E. Harley, of Barnwell, S. C. (Frank G. Tompkins, of Columbia, S. C., Harley & Blatt and Sol Blatt, all of Barnwell, S. C., and L. M. Abbot, of Washington, D. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and COLEMAN, District Judge.

NORTHCOTT, Circuit Judge.

In March, 1929, appellant, South Carolina Asparagus Growers' Association, which was the plaintiff below, and which will be here referred to as the plaintiff, delivered to the appellee, the Southern Railway Company, which was the defendant below and which will be here referred to as the defendant, at Williston, S. C., for transportation a refrigerator car load of fresh asparagus, containing 910 crates. The car was delivered, in accordance with the shipping contract to Philadelphia, where it arrived promptly and in due time. On opening the car at Philadelphia the asparagus was found to be in a very bad condition, and the consignee refused to accept the shipment. The terminal carrier disposed of the same and realized $694 net after defraying the usual incidental expenses. The plaintiff brought this suit for the value of the goods, and upon the first trial below the jury rendered a verdict for the amount claimed in favor of the plaintiff. The trial judge set aside the verdict and granted a new trial. The second trial was had in February, 1930, the defendant in the meantime having paid into court the said sum of $694 admittedly received from the shipment. The trial judge directed a verdict for the plaintiff for the said sum of $694 and costs up to the time of the tender, and a judgment was entered in favor of the defendant for the costs subsequent to the tender, from which action of the court this appeal was taken.

The rule has been uniformly laid down by the United States Supreme Court that the trial judge not only may but should direct a verdict where the evidence is of such a conclusive character that if a verdict were rendered for one party, whether plaintiff or defendant, it would have to be set aside in the exercise of a sound judicial discretion. What is known as the scintilla rule has never been approved by the federal courts. Marion County v. Clark, 94 U. S. 278, 24 L. Ed. 59; Small Co. v. Lamborn & Co., 267 U. S. 248, 254, 45 S. Ct. 300, 69 L. Ed. 597; Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 74 L. Ed. 720; Empire State Cattle Co. v. Atchison, T. & S. F. R. Co., 210 U. S. 1, 28 S. Ct.

James A. Kennedy, of Williston, S. C., and John F. Williams, of Aiken, S. C. (L. E. Croft and Henry Busbee, both of Aiken, S. C., on the brief), for appellant.

607, 52 L. Ed. 931, 15 Ann. Cas. 70; Barrett v. Virginian Ry. Co., 250 U. S. 473, 476, 39 S. Ct. 540, 63 L. Ed. 1092.

This rule has been followed and approved by this court on a number of occasions. Anderson v. Southern Railway Co. (C. C. A.) 20 F.(2d) 71; Lamborn v. Woodard (C. C. A.) 20 F.(2d) 635; Flannagan v. Provident Life & Accident Ins. Co. (C. C. A.) 22 F.(2d) 136; Livingston v. Atlantic Coast Line R. Co. (C. C. A.) 28 F.(2d) 563; Standard Oil Co. v. Cates (C. C. A.) 28 F.(2d) 718.

Bearing in mind that in considering a motion for a directed verdict, the evidence must be regarded in the light most favorable to the opponent of the motion, and that the weight of the testimony is for the jury, after a study of the record in this case, we have reached the conclusion that the action of the trial judge was proper. There are certain physical facts, undisputed and indisputable, that forbid the plaintiff recovering in this case.

It is admitted that on the day of this shipment the plaintiff received an unusually large amount of asparagus for shipment, and had not ordered sufficient cars in which to load it. It is also admitted that this was the largest number of crates of asparagus that plaintiff ever shipped in any one car. The width of the car was 100 inches, and the evidence shows that in the car were packed 910 crates, filled with green asparagus tips. These crates measured 11 inches in width, and nine rows were placed across the car five rows high piled on top of each other. A simple mathematical calculation shows that there was only one inch of space to be distributed between the nine rows. This was clearly inadequate, showed bad packing and loading, and undoubtedly prevented proper circulation of air for the purposes of ventilation.

When the car reached its destination and was opened, the temperature in the car was taken by a food inspector, which showed the temperature at the bottom of the load to be 44 degrees, at the top of the loading 85 degrees, and in the middle (the third layer) to be 105 degrees, with a temperature on the outside of about 50 degrees. This proved conclusively lack of circulation of air, resulting from improper loading of the car. Had the cold air of 44 degrees circulated through the car, it is apparent there could have been nowhere in the car a temperature of 105 degrees.

The evidence seems conclusive that the car was transported with all due dispatch and properly iced at all points where icing was necessary.

The bill of lading, under which the car was shipped, provided that the shipment was made shipper's "load and count." This placed upon the shipper the obligation of seeing that the car was properly loaded. Specifications of standard containers for fresh fruits and vegetables filed with the Interstate Commerce Commission also required that the car be packed so that air could freely circulate between the crates. Under all these circumstances, it would be manifestly improper, in absence of any proof of negligence on the part of defendant, to permit the plaintiff to recover.

It is contended that the court erred in refusal to admit certain evidence of experts, based upon the hypothetical questions. We do not think the court erred in this respect, as the questions were not properly based upon the evidence in the case, and the experts' evidence that was excluded was only to the effect that the deterioration of the asparagus might have resulted from improper icing. While this is obvious, the evidence, as above stated, is to the effect that the car was properly iced at all points.

The point is also raised that the agent of the defendant saw the car before it was shipped, and the court refused to allow testimony to this effect to be given. The action of the court in this was manifestly proper. The agent did not attempt to undertake in behalf of the carrier the responsibility of proper loading; and had he done so, parol evidence should not have been received to vary the terms of the bill of lading which placed this responsibility upon the shipper. Old Dominion S. Co. v. Blakeman, 129 Va. 206, 105 S. E. 752; 10 C. J. p. 198, § 260, and cases there cited. And as the bill of lading was in a form and upon a rate approved by the Interstate Commerce Commission, no agent of a carrier could have been authorized to vary its terms for the advantage of a shipper by undertaking additional responsibility on behalf of the carrier. Chicago & Alton R. Co. v. Kirby, 225 U. S. 155, 165, 32 S. Ct. 648, 56 L. Ed. 1033, Ann. Cas. 1914A, 501; Adams Express Co. v. Burr Oak Jersey Farm, 182 Ky. 116, 206 S. W. 173. Mere knowledge on the part of the local agent of the carrier of the negligent manner in which the shipment had been packed could not impose liability for this negligence on the carrier, where the shipper itself had expressly undertaken the packing and the injury sustained was due to negligence in

this regard and not to any negligence on the part of the carrier. Ross v. Troy, etc., R. Co., 49 Vt. 364, 24 Am. Rep. 144. As said by the Supreme Court of Vermont in the case cited:

"It seems incongruous for the plaintiff to claim that the defendant should overjudge him in a matter in which he assumed to judge and to do all that he required or supposed necessary to be done in the premises, and that the defendant should be responsible for the inadequacy of what the plaintiff adjudged and did. If things continued to be just as the plaintiff had fixed them, and nothing occurred in the transportation, against which the defendant was bound to exercise precautions beyond what the plaintiff had done, there would seem to be no ground for holding the defendant liable for the plaintiff's shortcoming."

There was no error in the trial, and the learned judge below properly directed the verdict. The case is accordingly affirmed.