## McNABB v. VIRGINIAN RY. CO.
### No. 3226.

Circuit Court of Appeals, Fourth Circuit.
Jan. 12, 1932.

Affirmed.

138

A. A. Lilly, of Charleston, W. Va. (Lilly, Lilly & Warwick and R. G. Lilly, all of Charleston, W. Va., on the brief), for appellant.

John R. Pendleton, of Princeton, W. Va. (Harry C. Ellett, of Princeton, W. Va., on the brief), for appellee.

Before PARKER, NORTHCOTT and SOPER, Circuit Judges.

PER CURIAM.

Willie McNabb, appellant, brought this action of trespass on the case against the Virginian Railway Company, a corporation, appellee, and against H. Clay Jacobs and R. C. Lambert, in the circuit court of Fayette county, W. Va. The cause was subsequently removed to the District Court of the United States for the Southern District of West Virginia, and the defendants H. Clay Jacobs and R. C. Lambert were dismissed as defendants, and, the defendant, Virginian Railway Company, having pleaded not guilty, the issue was tried before a jury in May, 1931.

After the conclusion of the evidence for both the plaintiff and the defendant, the court, upon motion of the defendant, directed the jury to find for the defendant, which was accordingly done. The plaintiff moved to set aside the verdict of the jury, and to grant him a new trial, which motion the court overruled. From that judgment this appeal is taken.

The appellant, who was plaintiff below, was struck by a locomotive of the railway company at a road crossing near Deepwater, Fayette county, W. Va. There is evidence on behalf of the railway company that the headlight was burning on the locomotive and that the crossing signals were duly given. Plaintiff and a witness testified that the light was not burning. Assuming that the evidence was sufficient to carry the case to the jury on the issue of negligence, we think that plaintiff was unquestionably barred of recovery by his contributory negligence and that verdict was properly directed against him. We think it clear in the light of the evidence that, if plaintiff had looked before stepping in front of the approaching locomotive, he could unquestionably have seen it in time to have avoided being struck, and his injury is therefore to be attributed to his own negligence in stepping in front of the locomotive without taking proper precautions. A number of witnesses on both sides, who had no better view than the plaintiff, testified that they saw the approaching loco-

motive. In view of the physical conditions disclosed by the other evidence, his testimony that he looked but failed to see the locomotive approaching is without probative force and entirely insufficient to form the basis of a verdict in his behalf.

Had the jury returned a verdict for the plaintiff, it would have been the duty of the trial judge in the exercise of a sound judicial discretion to set it aside. It was therefore proper for him to direct a verdict for the defendant. South Carolina Asparagus Growers' Association v. Southern Railway Co. (C. C. A.) 46 F.(2d) 452, 453, and cases there cited; Chicago, Milwaukee & St. Paul Ry. Co. v. Coogan, 271 U. S. 472, 46 S. Ct. 564, 70 L. Ed. 1041; Hetzel v. Kemper, 102 W. Va. 567, 135 S. E. 667.

This rule applies not only in cases where the evidence is undisputed, but also in cases where the evidence is so conclusive in character that reasonable men would not reach different conclusions in regard thereto. In Ellerson v. Grove, 44 F.(2d) 493, 496, this court holds as follows:

"The general rule as to direction of verdicts is set out in the case of Marion County Commissioners v. Clark, 94 U. S. 284, 24 L. Ed. 59, as follows: 'Decided cases may be found where it is held that, if there is a scintilla of evidence in support of a case, the judge is bound to leave it to the jury; but the modern decisions have established a more reasonable rule; to wit, that, before the evidence is left to the jury, there is or may be in every case a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed.' * * *

"See also Coughran v. Bigelow, 164 U. S. 307, 17 S. Ct. 117, 41 L. Ed. 442; Patton v. Southern Ry. Co. (C. C. A.) 111 F. 712; Woodward et al. v. Chicago, M. & St. P. Ry. Co. (C. C. A.) 145 F. 577. In the last-mentioned case it is said that it is the duty of a court to direct a verdict at the close of the evidence in two classes of cases: (1) That class in which the evidence is undisputed; and (2) that class in which the evidence is conflicting but is of so conclusive a character that the court in the exercise of a sound judicial discretion will set aside the verdict in opposition to it. See also numerous cases cited in that opinion."

The judgment of the court below is accordingly affirmed.