### HARTMAN et al. v. BALTIMORE & OHIO R. CO. et al.

No. 4116.

Circuit Court of Appeals, Fourth Circuit.

April 6, 1937.

F. E. Parrack, of Kingwood, W. Va. (J. V. Gibson, of Kingwood, W. Va., on the brief), for appellants.

George M. Hoffheimer, of Clarksburg, W. Va. (Robt. B. Stotler, of Clarksburg, W. Va., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

These are two cases at law brought in May, 1935, in the circuit court of Preston county, W. Va., by the appellants, here referred to as the plaintiffs, citizens of the state of West Virginia, against the appellees, here referred to as the defendants, and one Warren Shaffer, all citizens of the state of Maryland. The object of the suits was to recover damages from the defendants for the alleged negligent killing of one Remus H. Clark, of whose estate the plaintiff H. Foster Hartman was administrator, and for the alleged negligent killing of Maudie L. McMillion Clark, wife of Remus H. Clark, of whose estate plaintiff D. F. McMillion was administrator.

Each case was removed by the defendants to the District Court of the United States for the Northern District of West Virginia, on the grounds of diversity of citizenship.

When both causes came on for trial in October, 1935, the judge of his own motion ordered that the two cases be consolidated and tried together. There was no exception taken to this action. Upon motion of the plaintiffs both causes were dismissed as to the said Warren Shaffer, who had been made a party defendant on the theory that he was the fireman on the engine involved in the accident, it having developed that one Liller and not Shaffer was the fireman at the time. At the conclusion of the evidence, both on behalf of the plaintiffs and the defendants, on motion of the defendants, the trial judge directed the jury to find a verdict for the defendants, which the jury did.

Motions on behalf of the plaintiffs to set aside the verdict and grant a new trial were overruled and judgment entered for the defendants. From this action of the court below, these appeals were brought.

The sole question involved is whether the trial judge was justified in directing a verdict for the defendants.

Remus H. Clark and his wife Maudie L. McMillion Clark were driving across the tracks of the defendant railroad company at the west end of what is known as the Kingwood Tunnels of the railroad in Preston county, W. Va., in an automobile presumedly driven by Remus H. Clark, his wife being a passenger. The automobile in which the Clarks were riding was struck by the engine of a passenger train (No. 11) of the railroad company on which engine the defendant James S. Coniff was engineer and on which Charles Schuh, road foreman of engines of the railroad company, was riding. As stated above, one Liller and not defendant Shaffer was the fireman on the engine at the time of the accident.

There were three main tracks and one mine siding at the crossing in question. The general direction of the railroad was east and west and the general direction of the crossing was north and south. There was an unobstructed view from the highway along the tracks of the railroad for several hundred feet. The accident occurred about three o'clock in the afternoon of November 16, 1934, and, immediately preceding (about one minute) the accident, a freight train had passed west on a different track from that on which the passenger train was running. When the automobile was struck by the train, Clark and his wife were fatally injured, both dying within two or three hours of the accident.

A number of points were raised in the trial concerning admission of evidence, the contributory negligence of the plaintiffs, and the doctrine of last clear chance, but we have first to consider the point that negligence must be proven on the part of the defendants or some of them before any recovery can be had. This negligence is alleged by the declaration because of failure to keep a proper lookout on approaching the crossing; driving the engine and train over the crossing at a recklessly high rate of speed; failure to give proper warning signals; not having a proper watchman or automatic signal service; and not having the crossing in a proper condition.

It is not necessary to cite authorities to the effect that when one party moves for a directed verdict the evidence must be viewed in the light most favorable to the opposite party and that courts will take fact questions from the jury only where the necessity for such action is clear and imperative. On the other hand, it is equally as well settled in the federal courts that the motion for a directed verdict should be granted whenever the testimony and "all the inferences which the jury could justifiably draw therefrom would be insufficient to

support a finding." Where the evidence is so clear and conclusive that reasonable men could draw but one inference therefrom, it is the duty of the trial judge to direct a verdict. Pleasants v. Fant, 22 Wall. 116, 22 L.Ed. 780; Hepner v. United States, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720, 27 L.R.A.(N.S.) 739, 16 Ann.Cas. 960; Small Co. v. Lamborn & Co., 267 U.S. 248, 45 S.Ct. 300, 69 L.Ed. 597.

This court has held to this same effect in a number of decisions.[1]

A study of the record convinces us that there is no substantial evidence of any negligence on the part of the defendant railroad company or on the part of any of the other defendants. It is not shown by any substantial evidence that there was failure to keep a proper lookout on approaching the crossing or that the train was driven over the crossing at an unusually high rate of speed. It is conclusively proven that proper warning signals were given on approaching the crossing, and there is no proof of a condition such as would require a watchman or automatic signal at the crossing. The unfortunate victims of the accident had a clear view of the crossing in both directions before they started over it, and there is no substantial evidence that the crossing was not in a proper condition.

Likewise, there is no evidence that the employees of the railroad company in charge of the operation of the engine pulling the train could have in any way avoided the accident. The doctrine of last clear chance urged on behalf of the plaintiffs has no place here.

It is argued on behalf of the plaintiff McMillion that even if the driver of the automobile, Remus H. Clark, was negligent in driving over the crossing in front of the approaching train, such negligence is not attributable to the wife who was a passenger. However sound this contention may be, we are confronted with the rule that before any recovery can be had, negligence on the part of the defendants must be proven. Here there is no such proof.

The action of the trial judge in directing a verdict for the defendants was proper, and the judgment of the court below in both cases is affirmed.

Affirmed.

[1] Dernberger v. Baltimore & O. R. Co., 243 F. 21; Kennedy Lumber Co. v. Rickborn, 40 F.(2d) 228, and cases there cited; Ellerson v. Grove, 44 F.(2d) 493; McNabb v. Virginian Ry. Co., 55 F.(2d) 137; Consolidated Textile Corporation v. Shipp, 41 F.(2d) 479; Brandon v. Holman, 41 F.(2d) 586; Norfolk Southern Bus Corporation v. Lask, 43 F.(2d) 45; South Carolina Asparagus Growers' Ass'n v. Southern Ry. Co., 46 F.(2d) 452; Huntington Development & Gas Co. v. Stewart, 54 F.(2d) 1068; Hutto v. Atlantic Life Ins. Co., 58 F.(2d) 69; Morris v. Sells-Floto Circus, 65 F.(2d) 782; Harris v. United States, 70 F.(2d) 889.