Roehm A. WEST, Appellant,

v.

The H. K. FERGUSON COMPANY, a Corporation, and Macco Corporation, a Corporation, a Joint Venture and Callery Chemical Company, Appellees.

No. 8790.

United States Court of Appeals Tenth Circuit.

Aug. 31, 1967.

Jim A. Rinehart, El Reno, Okl. (Roehm A. West, Tulsa, Okl., Attorney, pro se, on the brief), for appellant.

John L. Kilcullen, Washington, D. C. (McNutt, Dudley & Easterwood, Washington, D. C., on the brief), for appellees.

Before PHILLIPS, LEWIS and HILL, Circuit Judges.

HILL, Circuit Judge.

The appeal is from an order fixing and determining an attorney fee after the filing of the statutory lien notice in the litigation wherein such fee is claimed on a quantum meruit basis. After an evidentiary hearing the trial judge made adequate and complete findings of fact and, as we view the case, the only substantial question here concerns the sufficiency of the evidence to support those findings. Appellant is the attorney, who seeks a fee higher than that allowed in the trial court and appellee is the litigant from whom the fee is sought.

The facts surrounding the employment of appellant by appellee are in dispute and we will not unnecessarily prolong this opinion by detailing the factual contentions of the parties. The trial judge's findings of fact are crucial and those we will summarize in pertinent part.

In November, 1958, appellees, Ferguson and Macco Corporations, having recently completed their part of a large government construction contract, as subcontractors, employed the Washington law firm of McNutt, Dudley and Easterwood to investigate the possibility of filing a claim or suit against the prime contractor on the government project and the Department of the Navy, the claim arising from their participation in the performance of such completed government contract. The McNutt firm was also under employment at this time by the Ferguson Macco Companies to defend them in a suit pending in the Eastern District of Oklahoma and had been authorized to procure local counsel to assist in the defense of the case. Appellant was employed as such local counsel on a per diem basis of $20.00 per hour. During the course of this litigation he submitted periodic statements for services and expenses and was fully paid therefor by Ferguson in the amount of $10,735.00.[1] During this representation the McNutt firm discussed the filing of a complaint in the present litigation with West, who did thereafter prepare a proposed complaint. Subsequently, he submitted a statement to Ferguson in the amount of $2,540.00 for services in preparing the complaint, which amount was paid. Before this complaint was filed in court, appellee determined that it would proceed in the Court of Claims and through the Congress in its attempt to recover its losses on the subcontract. These efforts eventually failed and in February, 1964, the McNutt firm asked appellant to again work on the 1960 form of complaint, which was then put into final form and this present litigation was commenced and "this action then became the active work and problem of McNutt, Dudley and Easterwood of Washington, and Roehm West, of Oklahoma."

In early December, 1965, through the efforts of the McNutt firm, "and not Roehm West," the litigation was settled by an agreement between the parties, whereby appellee was paid the sum of $424,000.00. On December 20, 1965, ap-

---

1. This suit was compromised and settled and West makes no claim here for an additional fee in that case.

pellant filed his lien notice claiming a balance due for his legal services in the case in the amount of $52,500.00.

The trial court concluded "That Ferguson-Macco were the clients of McNutt, Dudley & Easterwood, of Washington, D. C. That Roehm West was the local Oklahoma counsel under McNutt, Dudley & Easterwood. That West had no independent contract of employment * * *; that West was an attorney in this case on the basis of hourly work done and performed or on a per diem basis." The court further expressly found "that under all of the circumstances, a reasonable fee of $35 per hour is fair, just and proper, or a total of $15,260, less $5,500 heretofore paid, leaving a balance due of $9,760."

■ In seeking a reversal appellant urges eight points of error by the trial court. We do not propose to consider these points separately because, as we stated at the outset, we deem the findings of the court to be crucial. If we can conclude that such findings are supported by substantial, competent evidence we cannot set them aside and the case must be affirmed.

We have no doubt about the competency and integrity of the members of the bar involved in this factual controversy. It is just an unfortunate situation of a misunderstanding between them about appellant's attorney fee. Such attorney fee apparently was never frankly and fully discussed by them or between appellant and officers of the Ferguson Company. There is one outstanding and undisputed fact in the record which was apparently given great weight by the trial judge. When this fact is considered together with the other evidence, oral and documentary, it is certainly very damaging to appellant.

■ During the time appellant acted as attorney for appellee in the litigation concerned he submitted all but one of his bills for expenses and services to appellee through the McNutt, Dudley law firm. During November, 1964, one of these bills was so submitted and in

it was contained a $3500.00 item designated "supplemental retainer fee." In addition, this bill contained the usual schedule of time, by hours, which had been spent upon the case by appellant since the date of the last billing. Upon receipt of the bill, the McNutt, Dudley firm approved the same and in its letter of transmittal to appellee, commented in part, "There is also attached statement of a supplemental retainer fee for $3,500 predicated on the service schedule attached, and I presume on the service schedule previously submitted and subsequent to the last fee payment." Mr. Davis, an officer of appellee company, in responding commented, "I received Roehm's statement and have received approval for payment. I, like you, assume the fee billed brings us to the present date. If not, Roehm should so advise us." A copy of this letter was sent to appellant. He testified that he did not write a letter refuting the contents of the Davis letter but did talk on the telephone about it with both Davis and a member of the McNutt, Dudley firm. He further testified that even in those telephone conversations he did not specifically say that he was claiming a fee on a quantum meruit basis but testified he stated he was expecting to be paid on the basis of "just what were reasonable services rendered to the plaintiff." In this regard the trial court specifically found that "Roehm West had a duty to answer the letter of November 25, 1964, and therein state what his fee relation was to be in Case 5553, and not having made any answer, Ferguson-Macco was justified in concluding and had a right to assume, that Roehm West was working on a per hour or per diem basis."

During the course of the attorney-client relationship in this case appellant submitted six billings covering expenses incurred and in two of the billings included items for legal services. Supporting these billings, a schedule of time spent on the case was also submitted. Appellant explains that the purpose of these schedules was only to comply with the "internal audit" system of the com-

pany. The trial judge gave little credence to this explanation and gave much more importance to the schedules. He used them to compute the total hours spent by appellant working on the case and, no doubt, gave consideration to them in concluding that "it becomes irrevocably convincing that the relationship of attorney-client between Roehm West and Ferguson-Macco was one based upon cash hourly or per diem fee basis; that he was entitled to be paid on this basis, win or lose the lawsuit." We believe these schedules, as submitted, give ample evidentiary support to the finding of the court.

■ Other points urged by appellant need little or no elaboration. He complains about the trial judge giving some consideration to the fee arrangement between the parties in the first case in which appellant represented appellee. In the absence of an express agreement about an attorney fee in this case, we believe the trial judge, within his discretion, properly received evidence as to the fee arrangement between the parties in the first case. Appellant assumes, in his argument, the absence of any fee arrangement here. That is not in accord with the trial court's finding. In effect, that court found from all of the facts and circumstances that there was, at least, an implied understanding that the fee would be based on the hours and days actually spent by appellant on the case.

■ Lastly, and in the event we determine that the trial court's allowance of the fee on an hourly and per diem basis is not error, appellant argues that he is entitled to an additional fee for 110 days not reflected in the time schedules he submitted to appellee. This argument is belatedly made because the evidence in the record does not clearly reflect the facts necessary to sustain the additional allowance. The only evidence we noted in the record on this point was in the testimony of appellant and that was not clear and definite. In cross-examination appellant stated " * * * this statement, diary of service schedule, is not

complete of all the work that went into this case. I probably performed an additional 110 or 115 days of work that is not even reflected in this particular diary." No office records or any other documentary evidence was offered by appellant to substantiate any claim of time spent on the case in excess of the time shown by the schedules. The trial judge apparently gave no consideration to this claim of additional time and we cannot say that his computation was clearly erroneous.

We have reviewed the entire record before us, including the oral evidence adduced and the exhibits admitted and are compelled to conclude that there is ample support in the evidence to sustain each of the findings by the trial court.

Affirmed.