**WESTERN FIDELITY CORPORATION et al., Plaintiffs-Appellants,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.**

No. 264–70.

United States Court of Appeals, Tenth Circuit.

Feb. 2, 1971.

Rehearing Denied March 2, 1971.

Ted D. Foster, Jr., Oklahoma City, Okl. (Larry D. Patton and Paul F. Fernald, of Kerr, Davis, Irvine, Burbage & Foster, Oklahoma City, Okl., on the brief), for plaintiffs-appellants.

Edgar Fenton, Oklahoma City, Okl. (Robert J. Petrick, of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., on the brief), for defendant-appellee.

Before LEWIS, Chief Judge, McWILLIAMS, Circuit Judge, and BRATTON, District Judge.

McWILLIAMS, Circuit Judge.

Western Fidelity Corporation, the insured, made claim against the Insurance Company of North America, the insurer, on an employee's fidelity bond, referred to by the parties as a blanket honesty

bond, alleging that it had sustained loss through "fraudulent and dishonest acts" on the part of four of its employees. Trial to the court culminated in a judgment in favor of the insurer, and the insured, Western Fidelity Corporation, now seeks reversal of the judgment thus entered.

The loss allegedly sustained by Western Fidelity Corporation, hereinafter referred to as Western, concerns monies disbursed by the four employees of Western to Deering Associates Church Finance Plan, Inc., hereinafter referred to as Deering Associates. It is Western's theory of the case that these disbursements were unauthorized and that though the actions of the employees in question were not necessarily criminal in nature, they were nonetheless "fraudulent and dishonest" within the meaning of the blanket honesty bond. It is the basic position of the Insurance Company of North America, hereinafter referred to as the Insurance Company, that, contrary to the assertion of Western, the disbursements in question were authorized by a so-called "operational contract" entered into by Western and Deering Associates.

As indicated, the trial court found that the operational contract between Western and Deering Associates was a valid one; that the disbursements in question were therefore not unauthorized, but authorized; and that the actions of the four employees under consideration were not "fraudulent and dishonest" within the meaning of the blanket honesty bond.

In this court Western argues that the trial court as a matter of law should have entered judgment for it against the Insurance Company. Western's reasoning is as follows: (1) The contract between Western and Deering Associates is "presumptively invalid" because of interlocking directorates coupled with the fact that Western is a corporation whose stock is publicly owned, whereas Deering Associates' stock is privately held; (2)

that he who would rely upon a contract between companies with interlocking directorates has the burden of proving the essential fairness of the contract and the good faith of the contracting parties by clear and convincing evidence and that the Insurance Company failed to meet this burden; (3) that because of the invalidity of the operational contract the disbursements in question were unauthorized; and (4) the actions of the four who disbursed these monies without valid authority to so do were therefore "fraudulent and dishonest" within the meaning of the blanket honesty bond.

Assuming, without deciding, the correctness of the premise upon which Western's argument is based, namely, that if the operational contract be invalid, then the disbursements were unauthorized and "fraudulent and dishonest" within the blanket honesty bond, the fact remains that the trial court has now made a finding that the contract between the two companies is a valid one made in "perfect good faith." The trial court in essence found that the contract between the companies was fair and just, noting that while under its terms some $600,000 was advanced by Western to Deering Associates, at the same time Deering Associates financed some $16,000,000 in "congregational obligations" through Western. As concerns the so-called interlocking directorates of Western and Deering Associates, we note that as of the date of the execution of the operational contract between the two companies, namely July 21, 1961, there was only one person connected with Deering Associates who also was in any way associated as such with Western. In any event, though the evidence and most certainly the inferences properly deducible therefrom are in conflict, still there is evidence, and much of it, to support the trial court's finding and conclusion that the operational contract between Western and the Insurance Company is valid and that Western's employees were not guilty of fraudulent and dishonest acts. Such

being the state of the record, the trial court's finding in this regard must be upheld. Rudd Paint & Varnish Co. v. White, 403 F.2d 289 (10th Cir.), and West v. H. K. Ferguson, 382 F.2d 630 (10th Cir.).

Counsel for Western urges us to follow the rationale of Brandon v. Holman, 41 F.2d 586 (4th Cir.). That case in our view is quite distinguishable. It is true that in *Brandon* it was held that there had properly been a directed verdict for the insured against the insurer in an action on an employee's fidelity bond. However, the fidelity bond in that case was broader in its coverage than the one under consideration in the instant case. Moreover, as was pointed out in *Brandon*, there was "little or no dispute" about the facts, and the disbursements there in question were made without a semblance of authority. As indicated, such is not the situation in the instant case where, according to the Insurance Company and more importantly according to the trial court, the disbursements were made pursuant to a valid contract between Western and Deering Associates.

An additional argument advanced here by Western is that the Insurance Company is somehow estopped from denying liability because it allegedly had the means of ascertaining the overlapping directorate of Western and Deering Associates and the resulting invalidity of the operational contract between the two companies. This particular argument is disposed of by our determination that the trial court's finding of a valid operational contract between Western and Deering Associates must under the circumstances be upheld. Indeed, our determination of that particular point in and of itself disposes of virtually all of Western's several grounds of alleged error since Western's entire case in this court is based on the erroneous premise that the trial court as a matter of law had to declare the operational contract invalid.

Judgment affirmed.