**RANCO FERTISERVICE, INC., Appellee,**

v.

**Delmar F. LAURSEN, Appellant.**

**No. 71–1497.**

United States Court of Appeals,
Eighth Circuit.

March 28, 1972.

Jerry Conkling, Kansas City, Mo., for appellant.

J. I. Hossack, Spencer, Iowa, for appellee.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

Suit was brought by Ranco Fertiservice, Inc. (hereinafter Ranco) against Delmar F. Laursen, the defendant, for an accounting with allegations that there had been a fraudulent inducement of credit extended. The defendant held a distributorship with Ranco to sell tractor units designed to load fertilizers. These units were consigned to Laursen by Ranco. The district court found there were monies owed by Laursen and that he had made a fraudulent misrepresentation inducing further credit extension. The court entered judgment for the plaintiff for (1) $15,354.85, (2) six percent interest on that sum from April 10, 1967, (3) $2,500 in punitive damages and (4) $2,100 in attorneys fees which were allegedly incurred by plaintiff in defending other litigation supposedly caused by defendant's delinquency. Defendant appealed.

On August 21, 1970, the defendant obtained a preliminary discharge in bankruptcy from all claims, including those of Ranco and Honeybee Company, Inc. (hereinafter Honeybee).[1] In 1967 plain-

---

1. Honeybee Company, Inc., which was the original manufacturer of the units, sold them to Ranco. As will be discussed, Honeybee recovered judgment in Iowa state court against both Ranco and Laursen on the merchandise in question.

tiff had filed suit against the defendant for an accounting. This suit alleged monies were owed for merchandise shipped to the defendant on consignment from the plaintiff and alleged fraud in the procurement of the merchandise. Trial was held February 12, 1969. The trial court ruled in favor of Ranco as to the liability but did not enter an immediate judgment since there was an uncertainty as to the amount actually owed by the defendant. The court did not discuss the fraud issue. At the time the defendant obtained his preliminary discharge in bankruptcy the trial court had not yet determined the extent of Laursen's liability to Ranco. On August 21, 1969, plaintiff sought to amend its complaint, joined Mrs. Laursen as a defendant and restated its earlier fraud allegation. This included the previously pled demand for $4,000 attorneys fees and the prayer for punitive damages of $5,000. On July 30, 1970, the trial court denied leave to file the amended complaint and stated that "it came so late in the lawsuit after the issues had been fully defined, tried and decided."

On January 2, 1971, plaintiff sought to amend its complaint again. This time plaintiff specifically alleged that the defendant had made false misrepresentations regarding a demonstrator tractor which had been consigned to him on November 24, 1965. It was alleged that defendant had sold the machine in August of 1966 but continued to inform plaintiff that the demonstrator was not sold through March of 1967. It was alleged that in reliance on this representation plaintiff shipped other machines which were then sold but that the defendant again refused to make payment. This amendment was allowed.[2]

2. On April 2, 1971, Judge Collinson allowed this amendment and stated:
  "In reviewing the file, the Court finds that the original complaint contained a count for fraud, but the trial of this case was simply upon a contract action. An intervening voluntary bankruptcy by the defendant prevented a final judgment from being entered on that count and stayed these proceedings. The plaintiff now seeks to try its fraud count and this is the basis upon which the amended complaint was tendered and the Court will grant leave to file the amended complaint."

## DECEIT

■ The record demonstrates sufficient proof that defendant misrepresented to plaintiff as to his continued possession of the demonstrator when in fact it had been sold. The district court found this fact material to the continued extension of credit by the plaintiff to defendant. On review we cannot hold this finding to be clearly erroneous.

## INTEREST

■ Interest was assessed on the judgment of $15,354.85 from April 10, 1967, the last date the merchandise was shipped and invoiced to the plaintiff. Defendant asserts that he had remitted to the plaintiff the sum of $8,649.35 by unrestricted cashier's check prior to the institution of the suit. On August 25, 1967, pursuant to court order, Ranco deposited the $8,649.35 check into the registry of the court. The judgment provided that the check be turned over to Ranco in partial satisfaction of the $15,354.85. The trial court ruled that the check was a conditional tender made to the plaintiff to settle the entire amount in dispute. The record supports the trial court's finding. There is no evidence which suggests this sum was in partial payment of the total amount due. The amount of the claim was always disputed. Under the tender made, if plaintiff had accepted the check defendant could have defended on the basis that there had been an accord and satisfaction thus liquidating the entire indebtedness. Under the circumstances, interest on the judgment from April 10, 1967, was properly entered.

## ATTORNEYS FEES

The plaintiff offered evidence that it had incurred attorneys fees arising out

of litigation in the State of Iowa caused by the defendant's delinquency. As pointed out, the tractors were originally manufactured by Honeybee and sold to the plaintiff, Ranco. Honeybee took judgment in a state court of Iowa on July 1, 1969, on the identical account sued upon in the present action, against both Ranco and Laursen. According to plaintiff's evidence, Ranco was required to pay $300 to an attorney named Mehesan and another fee of $1,700 to an attorney named McGee arising out of this litigation.[3] Admittedly, plaintiff's present attorney represented Ranco as well as Honeybee, and its president, Jack Harms.[4] Since Ranco's present counsel sued on behalf of Honeybee he did not represent Ranco in the Iowa litigation. The only evidence of the proceedings in the Iowa litigation is that the original suit was brought by Honeybee against Laursen; that when Laursen sought to remove the suit to the district court Honeybee joined Ranco, another Iowa corporation, thereby defeating diversity of citizenship. The case was then remanded to state court. Attorney McGee did not appear of record in any of the Iowa litigation. Neither McGee nor Mehesan testified in the present proceedings. There is no evidence as to what services either performed. No attorney representing Ranco was present when the judgment was entered against Ranco in favor of Honeybee. This was supposedly because there was no defense to the action. Yet the evidence showed that a portion of the $22,683.56 default judgment entered in favor of Honeybee, $1,493.56, was for merchandise made by Ranco and not furnished to them by Honeybee.

■ We find no satisfactory evidence in this record that Ranco necessarily incurred attorneys fees by Laursen's refusal to pay his account. Ranco served as a distributor for Honeybee. Ranco's liability to Honeybee for tractors purchased cannot be legally related to the failure of its customers to pay their account. Additionally, the record is silent as to the nature and extent of the services rendered by attorneys on behalf of Ranco, as well as to any other competent evidence of the fair and reasonable value of those services. Cf. West v. H. K. Ferguson Co., 382 F.2d 630, 633 (10 Cir. 1967); In re Hudson & Manhattan R. R., 339 F.2d 114 (2 Cir. 1964). Under the circumstances we find it was error for the district court to allow any award for attorneys fees.

PUNITIVE DAMAGES

■■ The trial court awarded $2,500 in punitive damages. Plaintiff's proof was that the defendant violated his trust in that he represented he still possessed the consigned demonstrator when, in fact, he had sold it. The evidence shows that the defendant had a dispute with the plaintiff over past commissions. Defendant sold the demonstrator, allegedly retaining the proceeds for his commission. In 1967 he told the plaintiff's president that he had done just that. He later counterclaimed for these commissions. Upon overall consideration of the record, we do not feel the evidence warrants the award of punitive damages. In essence, plaintiff's claim against the defendant arises from breach of his distributorship agreement. The general rule in Iowa, as elsewhere, is that exemplary damages are not recoverable in actions for breach of contract. This is true irrespective of the motives which may have prompted the breach. See Thompson v. Mutual Ben. Health & Accident Ass'n of Omaha, Neb., 83 F.Supp. 656, 660 (N.D. Iowa 1949).

---

3. No explanation exists as to the judgment for attorneys fees being $2,100 rather than for $2,000.

4. Of further note is the fact that the president of Ranco, Paul Krile, was a member of the board of directors of Honeybee.

It is apparent from the voluminous pleading file (three volumes), the lengthy pretrial orders (several in number), endless motions, interrogatories, objections and counter objections, that both counsel evidently considered this career litigation. All this, in a relatively simple claim presents an enigma to this court in this day of supposed modern trial practice. In all likelihood it is conceivable that the combined expenses and attorneys fees in this case far exceed the net judgment involved. Surely the parties must now wonder after five years of nonstop, unremitting litigation, whether justice between them would not have been better resolved by a coin-flip. Lawyers who through prolix procedures attempt to build simple litigation into a Mt. Vesuvius serve neither their clients nor the court.

It is the concern of this court that such litigation can endlessly consume the time of a busy federal district judge. The district court record shows that the trial judge was required to enter numerous and sundry orders and memoranda over a period from June 14, 1967, to August 25, 1971. We reluctantly add that the almost endless pretrial procedures and resultant filings in this case have not facilitated the processing of what should have otherwise been a routine lawsuit. It is axiomatic that effective pretrial procedure should be tailored to fit the individual lawsuit at hand.

We now require the district court to enter another order.

The judgment is reversed and remanded with directions to enter a judgment for the plaintiff against the defendant in the sum of $15,354.85 at six percent per annum interest from April 10, 1967. Partial satisfaction of that amount shall be recorded by payment of $8,649.35 from the registry of the court, leaving a net judgment due of $6,705.50, plus interest as above stated.